## Smith *versus* Farmers' and Mechanics' Mutual Fire Ins. Co.

1. A provision in a fire insurance policy, rendered it void if the property insured should be levied upon or taken into possession or custody under any proceeding in law. *Held,* that a technical seizure, unaccompanied by any change of possession, or increased risk, would not avoid the policy. Ins. Co. *v.* O'Maley, 1 Norris 403, followed.

2. The agent of the company was required to write down the answers of the applicant to certain printed questions, endorsed on the policy; one of these answers was ambiguous. Defence was made to an action on the policy, on the ground that an answer of the applicant was untrue. *Held,* that the applicant might show by parol that he had made a truthful reply to the agent who wrote down his answers, and that he signed the application supposing the answer actually given, had been written down.

3. If an agent, in the scope of his employment, intentionally or negligently misled the applicant, and the latter, believing his answers were correctly written, signed the application in good faith, he should be permitted to prove these facts.

March 3d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Berks county:* Of January Term 1879, No. 192.

Covenant upon a policy of fire insurance brought by William B. Smith against the Farmers' and Mechanics' Mutual Fire Insurance Company of Millersburg, Pennsylvania.

The case was submitted to a referee, John B. Dampman. Esq., under the Act of May 14th 1874. The facts as disclosed before the referee were substantially these: The plaintiff owned a building used as a carriage manufactory near Kutztown. On November 9th 1875, upon the solicitation of the agent of the defendant, he applied to the company for an insurance on said building and its contents. On November 12th 1875, the company issued a policy therefor in the sum of $1800. Embodied in the policy were a number of printed interrogatories, the answers to which were to be regarded as warranties on the part of the assured. The twelfth of these interrogatories was, "Is the property encumbered? If so, state the amount, and also the estimated value of the real estate covered by said encumbrance?" The answer to this on the policy was, "No morg. judgment."

The thirteenth interrogatory was, "Are all the facts material to

the risk made known ?" and the answer, "Yes." On the back of the policy were a number of printed questions to be answered by the agent, one of which was, "Are your answers by the applicant all correct, so far as you can discern ?" to which the answer was, "Yes." The plaintiff paid in cash for the policy a premium of $27, and gave in addition a premium note for $270, which note was attached to the printed form of application. This note contained this recital: "The undersigned, applicant for the proposed insurance, hereby covenants and agrees with the company to accept of the policy issued upon this application and survey, if in accordance therewith, and in case of loss, to adjust the same in accordance with the by-laws of said company, and conditions of said policy. But if any untrue answer has been given to the foregoing interrogatories, whereby the said company have been deceived, as to the character of the risk, or if any change be made so as to increase the risk of these premises, without being notified to this company, and endorsed upon their policy, then this insurance to be void and policy of no effect."

The policy provided: "The assured hereby covenants and engages that the representation given in the application for this insurance is a warranty on the part of the assured, and contains a just, full and true exposition of all the facts and circumstances in regard to condition, situation and value of the property insured. And that if any fact or circumstances shall not have been fairly represented; or if the said assured, or his assigns, shall hereafter make any other insurance on the same property, and shall not give immediate notice thereof to the secretary, and have the same endorsed on this instrument, or otherwise acknowledged by him in writing, then this policy shall cease and be of no effect."

The fifteenth condition of the policy was as follows: "The insurance under this policy shall cease at and from the time the property hereby insured shall be levied on or taken into possession or custody under any proceeding in law or equity, and should there, during the life of this policy, an encumbrance fall or be executed upon the property insured sufficient to reduce the real interest of the insured in the same to a sum only equal to or below the amount insured, and he neglect or fail to obtain the consent of the company thereto, then and in that case the policy shall be void."

At the time the policy issued there were nine judgments of record against plaintiff, aggregating $1031.01.

On the 12th of October 1875 a fi. fa. was issued, and on the 25th of October 1875 the property described in the application was levied upon, and condemned on the 6th of November 1875. On the 12th of November 1875, a venditioni exponas was issued, and the property advertised for sale. The property was burned on the 4th of

December 1875. On the 17th of December 1875 the venditioni exponas was stayed.

The company refused to pay the loss, on the ground that the answer, " No morg. judgment," in answer to the printed question, was a warranty that the property was free from encumbrance, and that at the time of the application there had been a levy and condemnation of the real estate under a fi. fa., which they contended avoided the policy.

Before the referee, when the defendant had closed his testimony, the plaintiff, in rebuttal, proposed to prove that before plaintiff signed the application, the agent of the company asked him " Whether he had a mortgage on his property ?" To which the plaintiff answered, " No, but other debts on it;" and that then the agent said, " That makes no difference; you will be all right and safe;" and that in consideration of this verbal promise, the plaintiff signed the application.

This evidence was objected to, and the referee sustained the objection.

In an opinion the referee said :

" All the facts necessary to make out a prima facie case for the plaintiff were proven. The defendant offered in evidence copies of the records of the Court of Common Pleas of Berks county, show ing that at the time of the occurrence of the fire the property had been levied upon by the sheriff, with a view of avoiding the policy under the condition thereof; condition 15 providing that the insurance should cease from the time the property was levied upon, under any proceeding in law or equity, &c.

" The evidence was admitted, but it does not become necessary, in the decision of this case, to pass upon the effect of it.

" The defendants also proved that at the time of effecting this insurance, the property insured was encumbered with judgments, while in the application for insurance the plaintiff had said there were no judgments or mortgages; this for the purpose of showing such false representations by the plaintiff as under the terms of the policy would avoid it.

" The plaintiff then offered to prove, in rebuttal, that a truthful answer had been given to the question in the application referring to encumbrances, but that the agent of the company, C. A. Z. Griesemer, who wrote the application, had written the answer incorrectly; this for the purpose of avoiding the forfeiture of the policy under the previous evidence. There can be no doubt that under certain circumstances he would have been entitled to show these. But, under the provisions of the policy in question, it could avail him nothing. By the terms of the policy, this representation was covenanted to be a warranty, and being a warranty on the authority of Cooper v. The Farmers' Mutual Fire Insurance Co., 14 Wright 299, it cannot be shown by parol to have been a mis-

8 NORRIS—19

[Smith *v.* Mutual Fire Ins. Co.]

take; therefore the evidence was excluded. This was the vital point in the case. This evidence having been ruled out, the case of the plaintiff fails, and the decision must be for the defendants."

Judgment was entered for defendants with costs, when the plaintiff took this writ, and assigned for error the rejection of the foregoing offer of evidence and the entry of judgment for defendants.

*A. H. Schmehl* and *Richmond L. Jones,* for plaintiff in error.— The answer of the plaintiff was plainly intended to mean that the property was not encumbered by a mortgage, but by judgments. Where the answer is plain and unambiguous, the company is justified in accepting it as a warranty, without further inquiry. But this court has never gone so far as to permit an insurance company to *construe the language* of a written application, and then, after taking the hazard of acting upon its interpretation of an ambiguous answer, to bring itself by a technical strain within the rule laid down for the relief of companies acting upon an express warranty, and not guilty of any negligence. Columbia Ins. Co. *v.* Cooper, 14 Wright 331, governs this case.

Where an answer to such a question is not categorical, it is the business of the company to make inquiry, or demand a more specific reply, and a failure to do this is a waiver of the question. Any ambiguity or uncertainty in such a case is sufficient to put the company on inquiry, and that amounts in judgment of law to notice of the fact to which such inquiry would lead.

It was not contemplated that the applicant should write down the answers, but that the agent of the company should take them from the applicant and write them down, so that the agent, and not the applicant, warrants the correctness of the written answers.

This was a technical seizure, unattended by change of possession or increased risk, and the fifteenth condition of the policy does not apply: Insurance Co. *v.* O'Maley et ux., 1 Norris 403.

*George F. Baer,* for defendant in error.—Viewed in the light of the question to which it was an answer, it is certain that the answer means *no mortgage and no judgment.*

Even if the answer could be construed as claimed by appellant, how will he escape the condition that an omission to make known in said application any fact or feature relating to the risk shall render the policy void? The applicant, although specifically interrogated, did not make known the amount of judgments, nor the value of the estate encumbered. This was an omission to state the facts material to the risk, although in the very last answer the applicant stated he had made known all facts material to the risk: Brown *v.* Commercial Ins. Co., 5 Wright 189.

The application and the policy make all the answers warranties, and an untruthful answer or a failure to answer fully when specifi-

cally interrogated, vitiates the policy: Gottsman *v.* Pennsylvania Ins. Co., 6 P. F. Smith 210; Cooper *v.* Farmers' Mutual Fire Ins. Co., 14 Wright 299. The distinction between this case and Columbia Ins. Co. *v.* Cooper, 14 Wright 331, is in the fact that in this case the statement is a warranty, and there it was merely a representation.

Mr. Justice STERRETT delivered the opinion of the court, May 5th 1879.

In the court below a clear prima facie case was made out by the plaintiff. To meet this the company interposed the defence that the policy was void under the fifteenth condition thereof, because the property was taken in execution before the fire; that it was void also for the reason that the plaintiff, at the time insurance was effected, had falsely represented, in answer to the twelfth interrogatory, that the property was not encumbered, either by mortgage or judgment. In support of the former ground of defence it was shown that the real estate was levied on before the insurance was effected; that it was subsequently condemned and a venditioni issued to the next term. It did not appear, however, that there was anything more than a technical seizure, unaccompanied by any change of possession, or increased risk. This was not sufficient to avoid the policy. The condition relied on has no application in the case of a merely technical seizure, such as was shown in this case. This question, arising under a similar condition in an insurance policy, was ruled in The Insurance Company *v.* O'Maley and wife, 1 Norris 400.

In support of the second ground of defence it was shown that there were judgments against the plaintiff at the time the risk was taken, some of which were liens on the property insured. It was contended that this conclusively established the falsity of the plaintiff's answer to the twelfth interrogatory and rendered the policy void. The plaintiff then offered to prove in rebuttal that a truthful reply had been given to the question respecting encumbrances, but that Griesemer, the agent of the company, who solicited the insurance and filled out the application, had erroneously written the answer; and also, to prove what he said, at the time, in regard to the subject-matter of the answer. The referee excluded the testimony for the reason that by the terms of the policy the answer, as written, was a warranty by the insured, and that parol evidence was not admissible to explain it or prove anything to the contrary. In this we think there was error. The expression, "no morg. judgment," which composes the answer, is at least ambiguous. The defendant, of course, interpreted it to mean no mortgage and no judgments, and the referee appears to have adopted that construction. On the other hand, the plaintiff claimed that it meant, no mortgage, but judgments. The testimony, if it had been re-

[Smith *v.* Mutual Fire Ins. Co.]

ceived, might have satisfied the referee that the latter was what was really meant, and if so, it would have comported with the answer the plaintiff alleged he gave.  The answers to all the interrogatories are very brief.  Nine out of the thirteen consist of but a single word.  It is not unreasonable to suppose that the agent did not fully write down all that was said by the insured in answer to the several interrogatories; and the abbreviated form of the particular answer complained of would seem to indicate that it was not the full answer to the question.  If a truthful answer was in fact given, and the agent either intentionally or negligently wrote it down erroneously, and the plaintiff, resting in the belief that his answer, as given, was correctly written by the agent, signed the application in good faith, he should have been permitted to prove these facts. Griesemer was the agent of the company in taking and transmitting applications, and, as such agent, was required to answer certain questions attached to the application.  One of these was : " Are your answers by the applicant all correct, so far as you can discern ?"  This implies that it was his duty to write the answers of the applicant; and if he, while acting within the scope of his employment, intentionally or negligently wrote a wrong answer or misled the applicant, the company was not in a position to say that the latter should not be permitted to prove the facts.  In Eilenberger *v.* The Protective Mutual Fire Insurance Company, decided at last January term, *post*, p. 464, it is said none of the authorities on the subject hold " that the fraud or mistake of a knavish or blundering agent, within the scope of the powers given him by the company, will enable the latter to avoid a policy to the injury of the insured who innocently became a party to the contract." Much that is said in this case in regard to the relative rights and duties of the insurer and the insured are applicable to the present case.

Judgment reversed, and it is ordered that the record be remitted to the court below for a re-hearing before the referee.