# Susquehanna Mutual Fire Insurance Co. *versus* Cusick.

109  157
115  405
109  157
134  586
109  157
148  357
109  157
168  239
109  157
190  542
109      157
20 SC  641
109      157
1214     612
109      157
e 35 SC  228
109      157
e35SC  228

1. The mistake of an agent, done within the scope of the powers given him by an insurance company, will not enable the company to avoid a policy, to the injury of the insured who innocently became a party to the contract.

2. Where the agent of an insurance company examines a property and fills up an application, which the applicant signs believing that it is all right, the company cannot, in case of loss, defend upon the ground of misdescription of the buildings in the application. It is immaterial, in such case, that a printed condition of the policy provided that the per-

son procuring the insurance should be deemed to be the agent of the insured, and not of the company, and that the description in the application should be deemed a warranty by the insured.

3. The agent of an insurance company, authorized to take applications for insurance and transmit them to the company, made a material omission in the description of certain premises in an application for a policy of fire insurance which he drew up. The applicant, who was an ignorant and illiterate person, signed the application in ignorance of the mistake, but it did not appear whether the same was read to her or not; the policy issued having the premises wrongly and imperfectly described, and contained a clause to the effect that the description of the premises in the application should be taken as a warranty on the part of the insured. A loss having occurred under the policy, and suit being brought thereon:

*Held*, that although the insured was bound by the description of the insured premises in the application, whether it was read to her or not, the company could not take advantage of the mistake of their agent, and that therefore the plaintiff was entitled to recover.

4. Where prompt notice of a total loss is given by the insured, the company cannot avoid payment on the ground of insufficient proofs of loss, unless it has pointed out to the insured the defects in the proofs furnished, and called for more specific proofs.

February 26th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lackawanna county:* Of January Term 1885, No. 290.

Debt, on a policy of insurance, by Mary Cusick against the Susquehanna Mutual Fire Insurance Company of Harrisburg. Pleas, nil debet, payment, set-off, with leave.

At the trial, before HANDLEY, P. J., the following facts appeared: Plaintiff on August 3d, 1876, made application to the defendant through its agent, Wright Wells, for insurance on certain property in the town of Scranton. The application embraced a dwelling house 18x24 feet, with wash-house attached 8x12. There was another building attached 20x21 feet, which, by a mistake of the agent, was not included in the application. The plaintiff, an ignorant woman, who could read print only, and was unable to write, set her mark to the application. It did not appear from the evidence whether or not the application was read over to her. The interrogatories on the back of the application were answered in the handwriting of Wells; also a diagram of the buildings made by him was indorsed on the application, omitting the aforesaid material portion of the structure.

The policy was issued for "two-story frame dwelling house 18x24 feet with wash-house 8x12 feet one-story attached," and contained, inter alia, the following clause:—

"1. The application, survey, plan or description of the property herein insured and referred to in this policy, shall be

considered a part of this contract, and a warranty by the insured; and any false representation by the assured of the condition, situation, or occupancy of the property, or any omission to make known every fact material to the risk, or an over-valuation, or any misrepresentation whatever, either in a written application or otherwise ; . . . . . then, and in every such case, this policy shall be void."

" 12. It is expressly understood and agreed that the person or persons, if any other than the assured, who have procured this insurance to be taken by this company, shall be deemed the agent or agents of the assured, and not of this company, in any transactions relating to this insurance, and if the premium on this policy shall be paid to any person or persons other than the duly appointed or authorized agent of this company, such payment shall be at the sole risk of the assured."

The policy also contained a condition that notice of loss should at once be given, and a particular account thereof within thirty days.

On September 16th, 1876, the premises were destroyed by fire. Notice was sent to the company, and in a day or two Hunsinger, its secretary, came to Scranton, saw the plaintiff, told her that the proofs of loss received were not satisfactory, and offered her a settlement for $580, which she refused to accept unless she could take the paper to her counsel. To this Hunsinger would not consent. The testimony at this point was conflicting, plaintiff stating that Hunsinger did not ask any additional proofs of loss, defendant's testimony being that Hunsinger told Mrs. Cusick that if she would accept his settlement he would make out her proofs for her; if she would not, she must make them out for herself.

Plaintiff finally brought suit, claiming only for that portion of the premises actually included in the policy.

The plaintiff presented the following point:—

1. As the property insured under this application and policy was in fact a single thing, and the loss was a total one, the proofs of loss offered in evidence were a substantial compliance with the requirements contained in the policy in this case.

Answer. This point is affirmed. Exception.

The defendant offered the following points:—

1. That the application, survey, plan, and description of the property insured, and referred to by the policy in evidence, are a part of the contract between the parties, and a warranty by Mrs. Cusick, the insured; and any false representations made by the assured of the condition or situation of the property, or any omission to make known every fact material to the risk, or any misrepresentation whatever, either in the written application or otherwise, renders the policy void. Affirmed.

2. That the statements and answers of Mrs. Cusick in the application in answer to the interrogatories put relative to the risk are a warranty on the part of Mrs. Cusick, and the statement and answer of Mrs. Cusick in regard to the size of the building are a warranty that the building was of the size given in such statement and answer; and it appearing from the undisputed testimony of the plaintiff and her witnesses that the building in question was almost, if not twice, as large as stated in the application and policy the plaintiff cannot recover.

*A.* If the evidence shows that these statements and answers are the statements and answers of Mrs. Cusick, then we affirm this point; but if you find from the evidence that Mrs. Cusick did not state the size of the building, nor was the size as written by the agent in the application read to her, or put in under her direction, or her attention called to it, then we cannot affirm this point.

3. That the defendant company are not liable for any loss of any property not insured by the policy, and are not liable for the loss on that part of the building described by the witnesses as being 20x21½ feet.

*A.* That you will remember is what is known as No. 1. This point we affirm, and say to you in addition that she now concedes through her counsel that she does not claim for this property. The loss is her loss, and she must stand that misfortune.

4. That the contract between the parties made it the duty of Mrs. Cusick on the happening of the fire forthwith to give notice of said loss to the secretary of the company, and within thirty days after said loss to deliver to said secretary a particular account of such loss, signed and sworn to by her, stating whether any and what other insurance had been made by her upon the same property, giving copies of the written portion of all policies thereon, also the actual cash value of the property and the interest therein, the incumbrance on the same, for what purpose and by whom the building insured, and the several parts thereof were used at the time of the loss, and when and how the fire originated, and there being no evidence of such proof or account of such loss, the verdict should be for the defendant.

*A.* This point as a naked legal proposition we affirm, but we say to you, the company may waive this portion of her contract; and as I have already said in my general charge, if you find from the interview that took place between the secretary of the company and her, that her evidence of that interview is the correct history of it, then you may assume there was a waiver in this case; if, on the other hand, you find that

[Insurance Co. v. Cusick.]

hers is not the correct history of what took place, but that the secretary's is, then we say to you there was no waiver.

5. That the use of general terms or anything less than a distinct specific agreement, clearly expressed and indorsed on the policy in question, cannot be construed as a waiver of any printed or written condition or restriction therein, and there is no evidence in this case which can be construed as a waiver of any printed or written condition or restriction of the policy produced by the plaintiff.

*A.* This point we affirm, but say to you that the company may waive any and all conditions in the policy that are placed therein for the benefit of such company. We also refer you to what we have already said on the fourth point.

6. That even if the jury believe that Mr. Wells was the agent of the company, and inspected and examined the building in question, and filled up the application, it appearing from the evidence in the case that Mrs. Cusick signed the application and accepted the policy issued thereon, Mr. Wells is to be regarded with respect to the application as the agent of Mrs. Cusick and not of the company; and the company is at liberty to set up the falsehood of statements or answers in the application as to the size, condition, or use of the insured building as a defence.

*A.* This point we affirm, provided you find from all the evidence that Mrs. Cusick was informed by the agent of the company of the contents of this application. If, however, you fail to find that fact in the affirmative, then we cannot affirm this point.

7. That the verdict should be for the defendant.

*A.* This point, gentlemen of the jury, we will neither affirm nor deny; we will leave it with you under the evidence and the law as stated by the court, to say whether your verdict shall be for the plaintiff or for the defendant.

The court charged the jury, inter alia, as follows:—" If this application and the statements and representations made therein, were made out by Mrs. Cusick in her own handwriting, or made out at her dictation, and the evidence showed that they were dictated by her, that they were carefully read over to her, and that she agreed to each and every one of them as hers in every particular, then under the conditions of the policy they are made warranties, and unless the evidence shows they are absolutely true, of course they go for nothing, and she could not recover. Now is there any evidence in this case showing that the contents of this paper were made known to this lady by the agent of this company before she attached her mark to it? If there is, it is for you to ascertain what bearing it has upon the case. For some reason both parties

13 OUTERBRIDGE—11

seem to have been very careful not to ask the question whether this paper was read over to this lady; whether she knew of its contents before she executed it or not; so that so far as the history of this case is now presented, that is one of the blank points in this case. You have no evidence that she knew of the contents of this paper. Well if she did not know of the contents of this paper, then of course she is not bound by it; if the agent of the company made any mistake in describing the ground plan or size of her property, or placed therein any statements not made by her, then of course she is not bound by that. The law never will permit any persons to be bound by a document about which they know nothing.

"Now the other question is, whether this lady made any misrepresentation about the size of this property. You have the evidence that she is illiterate, a person that can neither read nor write; knows very little about feet or inches. We have no evidence here that she at any time ever said to this agent that this house is 18x24, or any other size whatever. The agent himself tells you that he made a diagram and put it down on the application, but there is no evidence to show that she gave that particular figure. Now if she did not, and it was the agent who obtained the size, and you will bear in mind that he admits candidly that he made a mistake, a mistake against the interests of this lady, then of course on that point you will have no hesitation in deciding in her favor. . . . . .

"If the secretary of this company, when he appeared upon the ground, knowing that this property was destroyed, and totally destroyed, put the condition in that he was then and there ready to settle, and offered to pay the sum of money, and was silent and remained silent about the proof of loss, then of course he did not come there to demand additional proof of loss, but came there to compromise the case and settle for a certain sum of money, and you may assume, if you believe that to be the fact, that there was a waiver of a particular proof of loss as called for by the policy. . . . . .

"Now, gentlemen of the jury, as I have said before to you, if you find there was a waiver of the preliminary proofs required by the policy, then you virtually say you find in favor of the plaintiff. The question now is, what shall be your finding?"

Verdict and judgment for plaintiff. The defendant thereupon took this writ assigning for error the affirmance of the plaintiff's point, the answers to the defendant's points, and the portions of the charge quoted.

*F. W. Gunster* and *I. H. Burns*, for plaintiff in error.—The court virtually told the jury that defendant must show that plaintiff knew the contents of the application. This is erro-

neous: Weller's Appeal, 7 Out., 594. Representations in the application are warranties. If incorrect it matters not whether by mistake or otherwise: Ins. Co. *v.* Huntzinger, 2 Out., 41. Cooper *v.* Ins. Co., 14 Wr., 299. Wells was the agent of Mary Cusick and not of the company: Ins. Co. *v.* Fromm, 4 Out., 347; Ins. Co. *v.* Arthur, 6 Casey, 315; Ins. Co. *v.* McAnerney, 6 Out., 335. There is no evidence of any waiver of the condition requiring proofs of loss. The waiver should be in the manner prescribed by the policy: Ins. Co. *v.* Conover, 2 Out., 384.

*H. M. Hannah*, and *Willard* and *Warren*, for defendant in error.—Wells was the agent of the company: Rowley *v.* Ins. Co., 36 N. Y., 550; Ins. Co. *v.* Bruner, 11 Harris, 50; Mentz *v.* Ins. Co., 29 P. F. S., 478; Eilenberger *v.* Ins. Co., 8 Norris, 464; Wood on Fire Ins., 277. Where a loss is total, and the company has immediate notice, no further notice nor technical proofs of loss are necessary: Ins. Co. *v.* Dougherty, 6 Out., 568; Ins. Co. *v.* Moyer, 1 Out., 441. If the company were dissatisfied with the proofs they should have pointed out the defects: Wood on Fire Ins., 719, 721, 722.

Mr. Justice PAXSON delivered the opinion of the court, March 30, 1885.

Mary Cusick, plaintiff below, an ignorant woman, unable to read or write, took out a policy of insurance in the defendant company, on her dwelling-house in the city of Scranton. The policy contains this clause: "The application, survey, place or description of the property herein insured, referred to in this policy, shall be considered a part of this contract, and a warranty by the insured."

There was an admitted misdescription of the property. The policy and the plan attached to the application, call for a house 18x24 feet, with wash house attached 8x12 feet. In point of fact the house had also an attachment 20x21 feet, which was a part of the house and formed one dwelling. The fire occurred in this attachment, and the entire structure was destroyed.

If this were all, the plaintiff would not be entitled to recover. But it is equally clear that the mistake in the description was the blunder of Wright Wells, the company's agent, who made out the application for Mrs. Cusick to sign, and who prepared the description of the insured premises on the ground, and made the draft or plan attached to the application. This appears from his own testimony taken at the trial below. Indeed, it was only when confronted with the plan, while upon examination, that he saw his mistake, and acknowledged it. It was not pretended that the plaintiff had anything to do with the

plan or description except signing the application with her mark, upon the assurance that it was all right.

On the back of the application were certain interrogatories to "be answered fully and definitely by this agent, to insure the acceptance of the risk." These queries were answered by the agent; at least the answers were in his handwriting, although not signed. To the question, "Are you personally acquainted with the applicant and risk?" he answered, "Yes." To the question, "Is it, in your judgment, such a risk as should be accepted by the company?" he answered, "Yes." It was also proved that Wells was the agent of the company for taking applications for insurance, transmitting them to the office of the company, and collecting premiums. It thus appears that the agent was acting within the scope of his powers, and the case comes directly within the principle ruled in Eilenberger *v.* Protective Mutual Fire Ins. Co., 8 Norris, 464, where it was held, in an elaborate and carefully prepared opinion by our brother TRUNKEY, that: "The fraud or mistake of a knavish or blundering agent, done within the scope of the powers given him by an insurance company, will not enable the latter to avoid a policy to the injury of the insured, who innocently became a party to the contract."

In the case cited the agent committed a fraud by setting down false answers in the application; in the case in hand the agent committed a blunder by incorrectly describing the property insured. In neither was the act complained of in any proper sense the act of the insured; in neither can the company be permitted to cast upon the insured the consequences of the crime or blunder of its own agent. The cases cannot be distinguished in principle.

So much is clear. The confusion of the case arises out of the manner in which it was submitted to the jury. There was technical error in that portion of the charge embraced in the first specification, wherein the learned judge said: "You have no evidence that she (the plaintiff) knew of the contents of this paper. Well, if she did not know of the contents of this paper, then of course she is not bound by it; if the agent of the company made any mistake in describing the ground plan or size of her property, or placed therein any statements not made by her, then of course she is not bound by that."

The latter part of this instruction as applied to the facts of this case was not error, and had the first part been omitted, as it might well have been, there would have been no trouble. But the first part as an abstract proposition is certainly erroneous. It was held in Weller's Appeal, 7 Out., 594, that "The fact that C. was an illiterate German and understood English imperfectly, was immaterial, because he was not obliged to

[Commonwealth *v.* Pattison.]

sign the instrument unless he understood it, but having signed, without asking to have it read to him, he was bound by it." See also Insurance Co. *v.* Swank, 6 Out. 17; and Insurance Co. *v.* Fromm, 4 Id., 347. We will not, however, reverse for this error. It could have done the company no harm; on this branch of the case they have no defence.

The only other question that requires notice relates to the proofs of loss. It may be conceded that the proofs of loss were informal. At the same time it must be borne in mind that the subject of loss consisted of a single item, viz., a frame dwelling house, and that it was totally destroyed; in other words, a total loss under the policy. Elaborate proofs of loss were not necessary under such circumstances. That the proofs of loss were at least intended to be a substantial compliance with the terms of the policy there can be no doubt. Had they been regarded as unsatisfactory, they should have been returned by the company to the insured, the defects pointed out, and a call made for more specific proofs. It was in evidence that one of the company's officers visited the premises a few days after the proofs of loss were sent, with a view of making a settlement, and that he made an offer of about $600 for that purpose. He testified that he told the insured that her proofs were defective, and pointed out to her in what respect they were defective. Upon this point, however, there was a conflict of evidence, and the case was submitted to the jury.

Upon the whole, while we are of opinion that this is a very ragged record, we think the case is right upon the merits, and we do not see any errors of sufficient gravity to compel us to reverse.

Judgment affirmed.