# Rinker, Appellant, *v.* Ætna Life Insurance Company of Hartford.

*Insurance—Life insurance—Application—Truth of answers.*

In an action upon a policy of life insurance it appeared that the application signed by the insured contained an answer of "no" to a question as to whether the insured ever had a severe surgical operation. The application contained a warranty of the truth of the answers, and further provided that "no statement or declaration made to any agent, examiner or other person, and not contained in this application, shall be taken or considered as having been made to or brought to the notice or knowledge of said company, or as charging it with any liability by reason thereof." At the trial it appeared that the insured had prior to the date of the policy undergone a severe surgical operation. The plaintiff offered to show that at the time the insured made the application the agent filled out the answers, and asked the applicant to sign the paper which she did without reading, and that the witness heard the applicant state to the agent that she had undergone an operation. *Held*, that the court committed no error in overruling the offer.

Argued Feb. 19, 1906. Appeal, No. 176, Jan. T., 1905, by plaintiff, from judgment of C. P. Lackawanna Co. Jan. T., 1897, No. 943, on verdict for defendant in case of Franklin S. Rinker v. The Ætna Life Insurance Company of Hartford, Connecticut. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a policy of life insurance.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) rejection of testimony quoted in the opinion of the Supreme Court; (4) in directing a verdict for the defendant.

*J. W. Carpenter*, with him *G. M. Watson*, for appellant.— This court has repeatedly held that in a suit upon an insurance policy in which the answers in the application are warranties, it is competent to show that a truthful answer was in fact given, but that the agent either intentionally, negligently or fraudulently wrote it down erroneously, and that the insured, resting in the belief that his answer as given was correctly

written by the agent, signed the application in good faith: Smith v. Ins. Co., 89 Pa. 287 ; Eilenberger v. Ins. Co., 89 Pa. 464; Susquehanna Mut. Fire Ins. Co. v. Cusick, 109 Pa. 157; Meyers v. Lebanon Mut. Ins. Co., 156 Pa. 420; Dowling v. Ins. Co., 168 Pa. 234 ; Mullen v. Ins. Co., 182 Pa. 150; Ins. Co. v. Huntzinger, 98 Pa. 41; American Life Ins. Co. v. Mahone, 88 U. S. 152.

*Everett Warren*, of *Willard, Warren & Knapp*, for appellee. —Parol evidence is inadmissible to reform a written contract, according to the intention of the parties, unless the declaration specially sets forth the fraud as a ground for such reformation : Renshaw v. Gans, 7 Pa. 117; Clark v. Partridge, 2 Pa. 13; Hunter v. McHose, 100 Pa. 38 ; Merriman v. Bush, 116 Pa. 276 ; Wodock v. Robinson, 148 Pa. 503 ; Liverpool, etc., Globe Ins. Co. v. Morris, 17 Ins. Law Jour. 761; Guerin v. Ins. Co., 44 Minn. 20 (46 N. W. Repr. 138); O'Donnell v. Ins. Co., 73 Michigan, 1 (41 N. W. Repr. 95).

The testimony contained in the offers was inadmissible under any state of pleadings : Union Mut. Ins. Co. v. Wilkinson, 80 U. S. 222; Smith v. Insurance Co., 89 Pa. 287 ; Eilenberger v. Ins. Co., 89 Pa. 464 ; Susquehanna Mut. Fire Ins. Co. v. Cusick, 109 Pa. 157 ; Meyers v. Lebanon Mut. Ins. Co., 156 Pa. 420 ; Dowling v. Ins. Co., 168 Pa. 234 ; Mullen v. Ins. Co., 182 Pa. 150 ; Susquehanna Ins. Co. v. Perrine, 7 W. & S. 348 ; Pottsville Mutual Fire Fire Ins. Co. v. Horan, 11 W. N. C. 199 ; Pottsville Mut. Fire Ins. Co. v. Fromm, 100 Pa. 347 ; Susquehanna Mutual Fire Ins. Co. v. Swank, 102 Pa. 17 ; Cooper v. Farmers' Mut. Fire Ins. Co., 50 Pa. 299 ; Meyer-Bruns v. Ins. Co., 189 Pa. 579.

Opinion by Mr. Justice Potter, April 9, 1906 :

This was an action to recover the amount of a policy of life insurance issued by the defendant company to Elizabeth M. Rinker, for the sum of $2,000 payable to the plaintiff as beneficiary. A copy of the policy was attached and made a part of the declaration, and, as a part of the policy, there appears a copy of the application for insurance in which all the statements therein contained are warranted to be true. In the application certain questions appear with the

answers made thereto by the applicant, among them being question 22: "Have you ever met with any severe personal injury or been subjected to any severe surgical operation, or have you any material defect of eyesight or hearing? If so, state the particulars." The answer was, "No." Upon the trial, after the plaintiff had formally made out a case, evidence was offered on the part of the defendant tending to show that the answer thus made to question 22 was untrue, and that, as a matter of fact, some time before the application was made, the insured had undergone a very severe surgical operation. That this was the truth was uncontroverted, but in rebuttal the plaintiff offered to show that the insured had not really answered the question as was indicated on the application, but that the agent had set down a written answer thereto without the knowledge of the insured. This offer of evidence was overruled by the trial judge, because it was at variance with the allegations of the statement of claim. It appears from the application, which was signed by the applicant, that she warranted the statements to be full, accurate and true, and she agreed that the declarations and warranties made and the answers to the questions, should be the basis, and form part of the contract between herself and the defendant company, and agreed "that if the same be in any respect untrue said policy shall be void." And she further agreed in the application, "that no statement or declaration made to any agent, examiner or other person, and not contained in this application, shall be taken or considered as having been made to or brought to the notice or knowledge of said company, or as charging it with any liability by reason thereof."

Under the policy then, as it stands, the agreement was to insure the life of Elizabeth M. Rinker, upon condition that she had never undergone a severe surgical operation. Plaintiff made no averment in the statement that a mistake had been made in filling in the answers to the questions; but, on the trial, attempted by parol evidence to contradict and nullify what had been declared as verity in the statement of the cause of action. "Parol evidence is inadmissible to reform a written contract, according to the intention of the parties, unless the declaration specially sets forth the fraud as a ground for such reformation:" Renshaw v. Gans, 7 Pa. 117. And Justice

SHARSWOOD, in delivering the opinion of this court in Hunter v. McHose, 100 Pa. 38, reasserted the principle that in a suit upon a contract under seal, in order to prove a parol contemporaneous agreement as part of the contract, fraud or mistake in omitting such agreement from the terms of the contract, must be averred in the declaration. In the present case there was no averment either of fraud or mistake, and defendant, therefore, had no notice that any such claim would be made. A general statement of the rule in such cases, which is amply supported by authority, is found in 4 Joyce on Insurance, par. 3,756: "if the declaration upon the policy is in the ordinary form, it is error to admit evidence that the defendant's agent either by fraud or mistake inserted a clause in the policy different from that agreed upon."

The first assignment of error complains of the rejection of the offer made by plaintiff to prove that the agent wrote down the answers of the applicant to the questions, and that, after finishing the writing, he asked her to sign the paper, which she did without reading it. This offer was properly rejected. There is no allegation that the applicant was blind or deaf or that she was unable to read. The statement simply is that she signed the paper without reading it. If she was incorrectly reported therein, it was then her own fault.

The rule laid down in Greenfield's Estate, 14 Pa. 489, is perfectly good to-day. Chief Justice GIBSON there said (p. 496): if a party who can read "will not read a deed put before him for execution; or if, being unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence, which, I take it, is not the subject of protection, either in equity or at law."

The second and third assignments also complain of the refusal of the court below of an offer to show that the agent filled out the answers and asked the applicant to sign the paper, which she did without reading, and, further, that the witness heard applicant state to the agent that she had undergone an operation.

Neither of these offers was admissible under the pleadings. Her application was in writing, was signed by her and it was the basis upon which the contract of insurance was issued. This suit was brought upon the policy and upon the applica-

tion as part thereof, without any averment in the declaration that any fraud or mistake was committed in making out the application.    If the evidence offered tended to prove anything, it would be fraud or misconduct on the part of the agent in inducing applicant to sign a statement contrary to the truth; but there is no such averment in the declaration.    The application for the policy by its plain terms, brought to the assured distinct notice of a limitation upon the power and authority of the agent, in that it contained an explicit agreement that no statement or declaration made to any agent, examiner or any other person, and not contained in the application, should be considered as having been made to, or brought to the notice of the company, or as charging it with any liability by reason thereof.    This case, therefore, differs in that respect, and is to be distinguished from the line of cases such as Smith v. Ins. Co., 89 Pa. 287; Ins. Co. v. Cusick, 109 Pa. 157, and Kister v. Ins. Co., 128 Pa. 553, cited by counsel for appellee, in none of which does it appear that notice was brought to the assured of the limitation upon the power of the agent, or that anything was done to put the assured on guard in this respect during the negotiations for the issue of the policy.    In pointing out this distinction between cases in which the authority of the agent is not limited, or the notice of such limitation is not communicated to the person with whom he deals, and other cases where the limitation is brought to the notice of the assured, the supreme court of the United States in N. Y. Life Ins. Co. v. Fletcher, 117 U. S. 519, said : " Where such agents, not limited in their authority, undertake to prepare applications and take down answers, they will be deemed as acting for the companies.    In such cases it may well be held that the description of the risk, though nominally proceeding from the assured, should be regarded as the act of the company.    Nothing in these views has any bearing upon the present case.    Here the power of the agent was limited, and notice of such limitation given by being embodied in the application, which the assured was required to make and sign, and which, as we have stated, he must be presumed to have read.    He is, therefore, bound by its statements."

In the case at bar when the agent was taking the application of the assured and was explaining the questions and the mean-

ing of the terms used, he was very properly to be regarded for those purposes, as the representative of the company ; but if the evidence offered by the plaintiff is true, the agent must have attempted to commit a deliberate fraud upon the company. He knew that if correct answers were given to the questions, the applicant would not be considered a fit subject for insurance, and no policy would be issued.    It was his duty not only to write down truly the answers given by the applicant, but also to make known to his principal any other facts material to the risk which might come to his knowledge.    Therefore, if he was guilty of any such conduct as the offer of the plaintiff would tend to prove, he grossly violated his duty, and the effect of his action was to benefit the applicant at the expense of the company.    But in perpetrating such a fraud, the agent would not be alone.    The signing of the application made the assured a party to it, and when she signed it, she was bound to know what she was doing.    Good faith required of her correct answers to the questions, and reasonable diligence to see that the answers were correctly written.    If it be assumed that the answers were falsified, as alleged, that fact would at once appear, when the policy was delivered to her, by the copy of the application attached to it.    Inspection would have shown that a fraud had been committed, both upon her and the company, and it would have been her plain duty to make the fact known to the company.    She had it within her power to prevent the fraud, as knowledge of it was within her reach. Neither she nor her beneficiary can be permitted to take the fruits of the misrepresentation.

The assignments of error are dismissed, and the judgment is affirmed.