## Koppleman *v.* Commercial Casualty Ins. Co., Appellant.

108

Argued October 8, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Charles C. Eaton,* with him *Ritchie T. Marsh* and *Homer T. Eaton,* for appellant.—Questions in an application for insurance relative to accident, illness and medical or surgical attention or attendance are material to the risk as a matter of law, and when answers to such questions are undisputedly false, the trial court must so hold as a matter of law, and it is error to submit the case to the jury: March v. Ins. Co., 186 Pa. 629; U. B. Mut. Aid Society v. O'Hara, 120 Pa. 256; Lutz v. Ins. Co., 186 Pa. 527; Rigby v. Ins. Co., 240 Pa. 332; Russ v. Ins. Co., 98 Pa. Superior Ct. 353; Skruch v. Ins. Co., 284 Pa. 299.

Plaintiff could read and write the English language, saw and signed the contract and was bound by its terms, especially in view of the fact that he agreed that defendant should not be bound by any knowledge of or

statements made by or to any agent unless written in the application: Panopoulos v. Ins. Co., 96 Pa. Superior Ct. 325; Rigby v. Ins. Co., 240 Pa. 332; Russ v. Ins. Co., 98 Pa. Superior Ct. 353; Rinker v. Ins. Co., 214 Pa. 608; Carroza v. Ins. Co., 62 Pa. Superior Ct., 153; Stawartz v. Indemnity Co., 89 Pa. Superior Ct. 109.

Where plaintiff agrees in a contract of insurance that any recovery on the policy should be barred if any answer material to the acceptance of the risk or the hazard assumed was false, and the undisputed evidence shows that a certain answer was false and also material to the risk, a verdict for plaintiff cannot be sustained.

This question has especial reference to the evidence of R. H. Brusoe and the refusal of the court to grant a new trial.

Appellant's theory of this case was, that it was a case for the court and not for the jury.

*Charles F. Haughney,* with him *E. D. Loose,* for appellee.—The Act of 1885 effected a change in life insurance contracts,—a much needed change so far as insurance companies are concerned. The questions of materiality and good faith are ordinarily questions of fact, and therefore for the jury: Hermany v. Ins. Co., 151 Pa. 17.

The materiality of such questions (facts not stated or falsely stated in the application) is for the jury, where the facts admitted would disclose slight troubles, temporary and light illness, infrequent and light attacks of sickness, not of a character such as to produce bodily infirmity or serious impairment or derangement of the organs: Livingood v. Ins. Co., 287 Pa. 128; March v. Ins. Co., 186 Pa. 629; Smith v. Ins. Co., 183 Pa. 504; Keatley v. Ins. Co., 187 Pa. 197; McCaffrey v. Knights of Columbia, 213 Pa. 609; McBride v. Ins. Co., 90 Pa. Superior Ct. 35.

OPINION BY MR. JUSTICE SCHAFFER, November 24, 1930:

In this action on a policy of insurance providing for the payment of sick and accident benefits, the jury found a verdict for the full amount of plaintiff's claim and from the judgment entered defendant has appealed.

The defense interposed was that plaintiff untruthfully answered questions, propounded to him by the company in the written application which he signed, material to the risk, and it is urged by appellant that because of these false answers the contract of insurance is avoided and plaintiff as a matter of law cannot recover.

To the question "Have you been disabled by either accident or illness, or received medical or surgical attention during the last five years? If so, state when, and for what duration?" plaintiff answed "No." It is undisputed that this answer was false. Plaintiff's own testimony and that of his family physician shows that he had been disabled by accident and had received medical and surgical attention within the period named. During that time he had suffered an injury to his hand caused by a falling window and as a result of it was disabled for about a week. At the same time he had an attack of tonsillitis. For both ailments he was attended by his family physician. Within two years of signing the application he had been injured by a street car and suffered for about a week from a sprained back and received benefits from a casualty company. Less than a year and a half before making the application, he had sustained severe injuries in an automobile collision, having his eighth and ninth ribs fractured, the muscles and ligaments of his back sprained, his chest sprained and his nervous system badly and severely shaken and unbalanced. From these injuries he was disabled and unable to attend to business for six weeks and was attended by his family physician.

Another question addressed to him in the application was "Do you understand and agree that the right to recovery under any policy which may be issued upon the basis of this application shall be barred in the event that any of the foregoing statements material either to the acceptance of the risk or to the hazard assumed by the company, is false, or in the event that any one of the foregoing statements is false and made with intent to deceive, or that the insurance hereby applied for will not be in force until the delivery of the policy to you while you are in good health and free from all injury and that the company is not bound by any knowledge of or statements made by or to any agent unless written hereon, and that you will pay the annual premium of ——— dollars in advance without notice?" To this he answered "Yes."

One of the leading cases dealing with the legal effect of false answers in an application for life insurance and their materiality is March v. Metropolitan Life Ins. Co., 186 Pa. 629. The principles therein laid down cover the kind of insurance here involved, that providing for sick and accident benefits; particularly is this so because the policy in certain contingencies provides for payments in the event of death. It was there held (page 641) that, under the Act of June 23, 1885, P. L. 134 (substantially reënacted by section 622 of the Act of May 17, 1921, P. L. 682), "A misrepresentation or untrue statement in an application, if made in good faith, shall not avoid the policy unless it relate to some matter material to the risk. *If it does relate to such matter the act is inapplicable.* If the matter is not material to the risk, and the statement is made in good faith, although it is untrue, it shall not avoid the policy. ......Ordinarily questions of good faith and materiality are for the jury, and where the materiality of a statement to the risk involved, is itself of a doubtful character, its determination should be submitted to the jury. But it was never intended by the Act of 1885,

nor did that act assume, to change the law in cases where the matter *was palpably and manifestly material to the risk, or where it was absolutely and visably false in fact.*" From these principles we have never departed. In the case at bar, plaintiff stated that he had not been disabled by accident or received medical or surgical attention during the preceding five years. Indisputably he had been seriously disabled by accident and had received medical and surgical attention. On the witness stand he admitted he had. These statements were "palpably and manifestly material to the risk" and "absolutely and visably false in fact." Such being the situation, as was said in the March Case, the act of assembly quoted has no application. In Lutz v. Metropolitan Life Ins. Co., 186 Pa. 527, where the undisputed evidence was that the insured in his application had falsely stated that he had never had any illness, and had not consulted a physician, we held it error for the court to submit the question of the materiality of the answers in the application to the jury, and in Rigby v. Metropolitan Life Ins. Co., 240 Pa. 332, we reiterated the principles which we had before laid down, and determined that representations as to when the applicant for insurance was last attended by a physician are material to the risk and where they were false the court should have declared their materiality as a matter of law.

In Skruch v. Metropolitan Life Ins. Co., 284 Pa. 299, the syllabus thus sums up the case, "If the answers in an application for insurance, upon the faith of which the policy sued on was issued, relate to the present or previous health of the insured, are warranted to be true, and the uncontradicted evidence shows that they are false, binding instructions should be given for defendant." In that case, a distinction is drawn between statements warranted to be true and representations, following the language of the application itself; which set forth that "all statements made by the insured shall

in the absence of fraud be deemed representations and not warranties." There the testimony, contrary to the statements in the application, was elicited from a physician who attended the insured in his lifetime, and we said his testimony was for a jury as to its credibility; here, the testimony of the living insured challenged his own statement in the application and there is no question of the credibility of witnesses involved. The pending case differs from the Skruch one in this most important particular; there it was declared in the application that all statements therein were representations, here it is not so declared. While it is true the application does not term them warranties, the insured by his express undertaking gave them this effect because over his signature he declared that he understood and agreed "that the right to recovery under any policy which may be issued upon the basis of this application shall be barred in the event that any of the foregoing statements, material either to the acceptance of the risk or to the hazard assumed by the company is false, or in the event that any of the foregoing statements is false and made with intent to deceive."

Plaintiff presented his case, by offering the policy, with the application, and by his own testimony, proving the injuries he had sustained entitling him to the indemnity which the policy provided. In cross-examination it was brought out that he had received the injuries heretofore detailed, which he had not mentioned in the application. In rebuttal it was proposed to prove by him that the agent who solicited the insurance had written the answers in the application that plaintiff informed him about the former accidents, that the agent told him they were not material, and, that, when, all the answers were written down by the agent plaintiff signed the application without reading it. The offer was excluded by the trial judge because not covered by the pleadings and also by reason of the agreement in the application that the company should not be bound by

any knowledge of or statements made by or to any agent unless written in the application. Thereupon plaintiff's counsel asked leave to amend the statement to cover the offer, the amendment was allowed and the offer renewed and it was again excluded on the ground that plaintiff had agreed in his application that the right to recovery under the policy should be barred in the event that any of his statements material to the acceptance of the risk or to the hazard assumed by the company were false and because of the provision in the application as to statements to or by an agent. The agent was then offered by plaintiff as a witness to prove the same facts and his testimony was excluded for the same reasons. We are of opinion that the court properly refused to receive the testimony offered on the ground that plaintiff had agreed with the company in the application which he signed that it was not bound by any knowledge of or statements made by or to any agent unless written in the application. By the express terms of the contract, the application was made part of it. Plaintiff, perfectly able to read and write English, could not escape from his agreement in this respect after having signed it, under the plea that he had not read it: Rinker v. Ætna Life Ins. Co., 214 Pa. 608; 33 C. J. p. 115, section 840; First Natl. Bank v. Ocean Accident & Guarantee Corp., 294 Fed. 91, 96; Johnston v. Patterson, 114 Pa. 398; Goldberg v. Knickerbocker Ins. Co., 82 Pa. Superior Ct. 302, 305. Thus the assured was put upon notice of the limitation of the powers of the agent with respect to making the answers to questions in the application. In this respect it differs from other cases in which there was no specific limitation on the powers of the agent and in which what was said by the insured to the agent and by the agent to him may have been held admissible. This distinction is clearly pointed out in the Rinker Case, in which it is said, (p. 611) : "The suit was brought upon the policy and upon the application as part thereof, without any

averment in the declaration that any fraud or mistake was committed in making out the application. If the evidence offered tended to prove anything, it would be fraud or misconduct on the part of the agent in inducing applicant to sign a statement contrary to the truth; but there is no such averment in the declaration. The application for the policy by its plain terms, brought to the assured distinct notice of a limitation upon the power and authority of the agent, in that it contained an explicit agreement that no statement or declaration made to any agent, examiner, or any other person, and not contained in the application, should be considered as having been made to, or brought to the notice of the company, or as charging it with any liability by reason thereof. This case, therefore, differs in that repect, and is to be distinguished from the line of cases such as Smith v. Ins. Co., 89 Pa. 287; Ins. Co. v. Cusick, 109 Pa. 157, and Kister v. Ins. Co., 128 Pa. 553, cited by counsel for appellee, in none of which does it appear that notice was brought to the assured of the limitation upon the power of the agent, or that anything was done to put the assured on guard in this respect during the negotiations for the issue of the policy. In pointing out this distinction between cases in which the authority of the agent is not limited, or the notice of such limitation is not communicated to the person with whom he deals, and other cases where the limitation is brought to the notice of the assured, the Supreme Court of the United States in N. Y. Life Ins. Co. v. Fletcher, 117 U. S. 519, said: 'Where such agents, not limited in their authority, undertake to prepare applications and take down answers, they will be deemed as acting for the companies. In such cases it may well be held that the description of the risk, though nominally proceeding from the assured, should be regarded as the act of the company. Nothing in these views has any bearing upon the present case. Here the power of the agent was limited, and notice of such limitation given by

being embodied in the application, which the assured was required to make and sign, and which, as we have stated, he must be presumed to have read. He is, therefore, bound by its statements.'" See also Stawartz v. Western Life Indemnity Co., 89 Pa. Superior Ct. 109.

Defendant called a witness named Brusso, one of its officials, who testified that the answer of plaintiff as to his having had no previous injuries was material to the risk. Why defendant called this witness we are unable to see. The question and the answer under plaintiff's own admissions in his testimony as to previous injuries and medical and surgical attention spoke their own materiality to the risk without anything else. In Livingood v. New York Life Ins. Co., 287 Pa. 128, 131, we said, "It will not be questioned that, where untrue essential facts have been deliberately certified to, and, as a result, the policy issued, there can be no recovery when death occurs.......Inaccurate statements as to age, the employment of other doctors than those named, or a denial that insurance had been sought from other companies, when in fact it had been, are all to be deemed material representations." In the very recent case of Kuhns v. New York Life Ins. Co., 297 Pa. 418, the application set forth that the statements made were to be considered as representations and not warranties. It was not shown that there was any provision in the application, as in the one before us, that statements made by or to the agent unless written into the application could not affect the policy. There also the misstatements of fact were shown by defendant's witnesses, here they are admitted by the plaintiff. We said, (p. 423): "The answers of the insured, written by defendant's examiner on the application, are to be treated as representations and not warranties, an important distinction, under the cases, in determining the right to recover on the policy issued. It is undoubtedly the law that, *if of the former class, as here, the mak-*

*ing of an untrue statement of a material fact, causing the company to act to its prejudice, vitiates the contract,* but a forfeiture does not follow where there has been no deliberate intent to deceive, and the known falsity of the answer is not affirmatively shown. More mistakes, inadvertently made, even though of material matters, or the failure to furnish all details asked for, where it appears there is no intention of concealing the truth, will not have this effect.......The burden of proving the falsity of the answer, and that it was deliberately given, is on the defendant, who asserts it. ......*Unless this situation is made apparent by undisputed proof,* documentary or oral, the question is one for the jury, and is not to be declared as a matter of law by the court." In the instant case, the proof is not only undisputed, but it comes from the plaintiff himself. Under such conditions, whether it be a representation or warranty, if the statement made is material and admittedly untrue, there can be no recovery on the policy. The case in hand differs from Suravitz v. Prudential Ins. Co., 261 Pa. 390, in the outstanding issue in that case. There the vital question was whether the insured knew that she had heart disease. Here, there is no question but that the insured knew that he had received injuries and had been attended by a physician. He admits these facts.

The court submitted to the jury as the one and controlling question in the case whether they believed the witness Brusso when he said that plaintiff's answer in the application was material and if the company had known the true facts it would not have issued the policy. This was not the true issue in the case at all. The issue was a legal one. Plaintiff had permitted an application to be sent in to the company over his signature stating that he had not been disabled by accident during the preceding five years. He admitted that his answer as written was false. He had also stated in the application that in the period named he had not

received medical or surgical attention. This also he admitted to be false. These statements were manifestly material to the risk, should have been so declared by the trial judge as a matter of law and binding instructions for defendant should have been given.

The judgment is reversed and here entered for defendant.