Boyle, Appellant, v. Eureka-Maryland Assurance Corporation.

Argued October 29, 1934.

Before TREXLER, P. J., KELLER, CUNNING-

HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*John J. Laffey,* of *Laffey & Laffey,* for appellant.

*Gifford K. Wright,* of *Alter, Wright & Barron,* for appellee.

OPINION BY TREXLER, P. J., January 4, 1935:

Katherine Boyle, the plaintiff, as beneficiary brought her action in assumpsit to recover from the Eureka-Maryland Assurance Corporation, the sum of $5,000 with interest. It appears from the pleadings that on the 13th day of August, 1930, the defendant issued its written contract of insurance to John J. Boyle, named therein as the assured, agreeing to pay the sum of $5,000 to the beneficiary at the death of the assured. Katherine Boyle is the mother of John J. Boyle. John J. Boyle died on or about March 31, 1931. Proofs of death were furnished to the defendant company and it refused to pay the amount stipulated in the policy.

This matter came on for trial and the court directed a verdict in favor of the plaintiff in the sum of $125.35 being the amount of premiums paid. Plaintiff appealed from the judgment entered.

The first matter submitted to us arises out of the following state of facts:

The plaintiff averred in her statement, inter alia, (6) "The said John J. Boyle died on or about March 31, 1931, while the said policy was still in force." The defendant answered, (6) "The allegation of the sixth paragraph of the statement of claim is admitted." The plaintiff argued below and here that since the question of the policy being in force at the time of the death of the insured was the vital issue to be tried, this admission should have been the end of the case, that it settled the matter. We observe, however, that the defendant in the other paragraphs of its affidavit of defense plainly discloses its defense, which was that the declaration of the insured in the application, that he had no ailment or disease, was false, for he was suffering from tuberculosis and knew it when he procured the policy. It is, therefore, very evident taking the defendant's entire pleading, it did not either inferentially or directly acknowledge its liability. The language employed that the policy was in force at the insured's death evidently in defendant's view referred to the fact that it had been kept alive by the payment of dues. The whole tenor of the defendant's affidavit of defense was to the effect that there could be no recovery thereon by reason of fraudulent concealment when the application was procured. It specifically sets out the items of its defense and plainly states that the policy was never in force for the reasons set forth.

When the matter came for trial, the case was tried virtually on the pleadings. The averments made by the defendant under new matter which were to the effect that for a period of two years prior to the date of said application the insured had consulted two physicians for a serious illness and was suffering from tuberculosis were not categorically denied. Plaintiff in her reply could have specifically stated that her son never had consumption, but she failed to do so. The court upon this showing was required to give judgment for

the plaintiff *only* for the premiums paid, which the company was willing to refund to the plaintiff.

The appellant sought to escape the effect of the false statements by alleging that the written answers in the application were inserted by the agent of the insurance company. The averment in this regard was a general denial that the insured made false statements followed by the statement that the answer "No," was inserted by the agent of the company. There is no allegation that the applicant for insurance did not know the nature of the paper he was signing. His beneficiary cannot escape the consequences of his negligence by saying that the person the insured asked to fill it up for him was the agent of the company: Applebaum v. Empire State Life Assur. Society, 311 Pa. 221, 166 A. 768; Koppleman v. Com. Cas. Ins. Co., 302 Pa. 106, 153 A. 121. We need not repeat what was said in these two cases. Inaccurate statements such as above referred to are material to the risk. The last case holding this is N. Y. Life Insurance Co. v. Brandwene, 316 Pa. 218, 223. The offer to prove that the insured was charged a higher premium than usual because an examination of his urine disclosed blood was properly refused by the court. It could throw no light upon the issue before the court. There was no question of fact for the jury after the pleadings were brought into the case, and a directed verdict for the defendant was proper.

The judgment is affirmed.