Opinion by
 

 Woodside, J.,
 

 The appellant here admits that he signed an application for hospital and surgical insurance which he knew contained false answers. He, nevertheless, obtained a verdict for $2249 in a suit on an insurance policy issued by the defendant upon the application containing the false answers. When the court below granted the insurance company’s motion for judgment n.o.v., he took this appeal. The claim was made for hospital and surgical expenses incurred in the treatment of a broken leg suffered by the insured in January 1961.
 

 The appellant, who was 75 years of age in 1960 when the policy was issued, had suffered from a hernia in 1945, from severe injuries including a broken back when a building on which he was working collapsed in 1947, from a fracture of the left tibia in 1951, from a heel cord lengthening in 1952, from a stricture of the esophagus in 1958, and from a fracture of the left hip in 1958. On each of these occasions, he spent considerable time in the hospital. As a result of the injuries, the plaintiff had to use crutches, support himself by leaning on furniture or crawl in order to move from one place to another.
 

 An agent for The Fidelity Interstate Life Insurance Company, which the defendant later absorbed, sold the appellant a policy of insurance covering hospital and surgical benefits.
 

 One of the questions in the application was: “Describe in detail any previous sickness, injury or any medical or surgical treatment of which you have knowledge, received by any of the above persons prior to date
 
 *556
 
 of this application. (Identify person by number — give date of disability — operation performed — and state whether fully recovered).” The appellant answered: “Accident 1947 — Broken ribs, complete recovery.”
 

 Another question was: “Do you agree that this application to the Fidelity Interstate Insurance Company is for a policy to be issued solely and entirely in reliance upon the written answers to the foregoing questions, and is not binding until policy be issued?” The appellant answered: “Yes.”
 

 The appellant told the insurance agent about the sickness, injuries, and medical and surgical treatments set forth above, but after the agent “kind of winked with his eye” and told him what he was putting in the application, the appellant knew he was signing an application containing false answers.
 

 The application is an integral part of the policy, and the answers are material to the risk which the insured assumed.
 
 N.Y. Life Ins. Co. v. W. Bodek Corp.,
 
 320 Pa. 347, 350, 182 A. 384 (1936);
 
 N.Y. Life Ins. Co. v. Brandwene,
 
 316 Pa. 218, 223, 172 A. 669 (1934);
 
 Applebaum v. Empire State Life Assurance Soc.,
 
 311 Pa. 221, 224, 166 A. 768
 
 (1933); Koppleman v. Commercial Cas. Ins. Co.,
 
 302 Pa. 106, 153 A. 121 (1930).
 

 The appellant suggests that since the application for insurance did not ask the applicant to describe “all” previous sickness, injury or medical or surgical treatment of which he had knowledge but used instead the word “any”, he truthfully answered the question. We see no merit in this contention. An answer which described only one of numerous known injuries was not a truthful answer to the question.
 

 It is clear from the insured’s testimony that he knew the. application which he signed was false and that when he signed the false application, he intended thereby to deceive the company so it would issue him the policy of insurance. The law should not, and does
 
 *557
 
 not, encourage sucli deceit. See §622 of the Act of May 17, 1921, P. L. 682, 40 P.S. §757.
 

 Ordinarily the question of whether or not the answers were given in good faith is for the jury, but where the evidence establishes that the insured must have been aware of their falsity, the court may enter judgment for the insurer.
 
 Evans v. Penn Mutual Life Ins. Co.,
 
 322 Pa. 547, 555, 186 A. 133 (1936);
 
 Kizirian v. United Benefit Life Ins. Co.,
 
 383 Pa. 515, 119 A. 2d 47
 
 (1956); Koppleman v. Commercial Cas. Ins. Co.,
 
 302 Pa. 106, 153 A. 121 (1930).
 

 Although the insured revealed to the agent all the information required by the insurance company, he also joined with him in knowingly filing a false application in order that the company would be deceived into issuing a policy. As the evidence of the conduct which was designed to deceive the defendant comes from the plaintiff himself, the jury had no power to find that the insured’s mind was innocent of the fraud that it directed his hand to commit.
 

 This distinguishes the case from
 
 Franklin Life Insurance Co. v. Franchock,
 
 202 Pa. Superior Ct. 438, 195 A. 2d 874 (1963).
 

 Under these circumstances it is immaterial whether the false statement in the application was a warranty or a representation, for the insured is not entitled to recover even if it was only a representation. The court below held that the false statement was a warranty and that being false, judgment should be entered for the insurer. We prefer to rest our affirmance on the ground that the plaintiff deliberately deceived the defendant company and must be denied recovery even if the false statement were only a representation. See
 
 Evans v. Penn Mutual Life Ins. Co.,
 
 supra, 322 Pa. 547, 555, 186 A. 133 (1936).
 

 The court below properly entered judgment n.o.v.
 

 Judgment affirmed.