**CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Marilyn M. WYMAN, Appellee.**

**Nos. 82–5644, 82–5645.**

United States Court of Appeals,
Third Circuit.

Argued Aug. 8, 1983.
Decided Sept. 26, 1983.

John M. Wolford (argued), Russell S. Warner, MacDonald, Illig, Jones & Britton, Erie, Pa., for appellant.

Harry D. Martin (argued), Richard W. Perhacs, Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, Pa., for appellee.

Before ALDISERT and WEIS, Circuit Judges, and RE *, Chief Judge.

## OPINION OF THE COURT

WEIS, Circuit Judge.

In a jury trial to determine whether benefits were due under a disability insurance policy, the district judge refused a request to instruct the jury on a state statute pertaining to false answers in an application. Because the statute was pertinent, we conclude that the failure to include it in the jury charge was error requiring a new trial.

Connecticut Mutual Life Insurance Company filed suit against its insured, Marilyn Wyman, seeking rescission of a disability insurance policy because of false statements in her application form. Wyman filed a separate action to recover continuing benefits under the policy, and the two cases were consolidated for trial. The jury returned a general verdict in favor of the insured which the district court molded into a judgment for an amount not disputed by the parties.

On January 8, 1980, Wyman applied to Connecticut for a disability income policy providing benefits of $1,300 per month. A licensed practical nurse performed a limited physical examination of the applicant and assisted in the preparation of the medical information section of the application. The company approved the application and returned it on February 25, 1980. Ten days later, on March 6, 1980, Wyman filed a claim for benefits, alleging that disability began on January 15, 1980 because of "bronc[h]ial flu, pneumonitis, . . . cracked rib from coughing."

The insurance company paid benefits for two months, but terminated the payments following an investigation. The company produced evidence at the trial that Wyman was not employed as of the date of the application and had not been able to work for at least a month before that time because of disability. Moreover, although her application listed before-tax income of $24,000, her earnings in each of the preceding two years had not exceeded $8,800. There was also evidence that Wyman submitted a claim for benefits on February 25, 1980 under a policy with Travelers Insurance Company and stated a date of disability as "Cont. Nov. 2, 1980 [sic]." [1] Travelers had paid benefits for some months before November 1979 because of disability from a surgical procedure Wyman had undergone earlier that year. Travelers also honored the 1980 claim and paid benefits retroactively to November 2, 1979. An attending physician's report submitted to Travelers indicated Wyman had ceased work because of disability on November 2, 1979.

There was also evidence that Wyman had applied to a third company for a waiver of life insurance premiums based on disability that occurred before the Connecticut policy had been issued. Connecticut further contended the number of doctors' visits stated in the application was incorrect, as was the denial of a history of anemia.

Wyman argued that her answers in the application had been made in good faith. She offered explanations for the receipt of benefits from Travelers and for the discrepancy in income reported to Connecticut.

Connecticut asked the trial judge to instruct the jury in accordance with section 622 of the Pennsylvania Insurance Company Law which provides in full: "The falsity of any statement in the application for any policy covered by subdivision (b) of this article shall not bar the right to recovery thereunder, unless such false statement was made with actual intent to deceive, or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer." Pa.Stat.Ann. tit. 40, § 757 (Purdon 1971).

After the charge was completed, the company's counsel questioned the omission of the statute from the instructions. The trial judge responded, "I recognize that and have

* The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

1. At trial Wyman stated that she meant the year to be 1979.

deliberately chosen not to. You may reserve that."

The sole point raised on appeal by Connecticut is the failure of the district court to charge the jury in accordance with the statute. Wyman argues that the Pennsylvania appellate courts have adopted a different standard for inaccurate answers in insurance applications and that the evidence was sufficient to sustain the verdict in her favor.

■ We reject the argument that the verdict cured a defect in the charge here. When the correctness or adequacy of a jury instruction is at issue, an appellate court may not review the evidence in the light most favorable to the verdict winner. There can be no deference to a factual finding tainted by legal error. If the jury was misled as to the law on a material point, "we cannot presume that the jury applied the appropriate standard in deciding [an issue]." *McPhee v. Reichel,* 461 F.2d 947, 951 (3d Cir.1972); *see also Hunziker v. Scheidemantle,* 543 F.2d 489, 497–98 (3d Cir.1976).

This is not a case in which the trial judge incorporated the legal issue in language of his own rather than that selected by counsel. Thus the controversy is not merely one of semantics. *See Posttape Associates v. Eastman Kodak Co.,* 537 F.2d 751, 757 (3d Cir.1976); *James v. Continental Insurance Co.,* 424 F.2d 1064, 1065 (3d Cir.1970). Moreover, the requested instruction goes to the heart of the case and there is no basis for assuming the trial judge did not recognize the statute's pertinency. The trial judge forthrightly stated that he had deliberately chosen not to give the requested charge—a determination obviously based on disagreement with counsel's interpretation of the applicable law. Hence, the issue presented here is purely one of law over which we exercise plenary review.

Section 622 is applicable by its terms to "subdivision (b) of this article" which covers health and accident insurance. Pa.Stat. Ann. tit. 40, §§ 751–776.7 (Purdon 1971 & Supp.1983). This statutory language would appear to make the provision inapplicable to other policies, although passing references had been made to it in life insurance cases, *see, e.g., Woods v. National Life & Accident Insurance Co.,* 347 F.2d 760, 767 (3d Cir. 1965); *Magee v. National Life & Accident Insurance Co.,* 201 Pa.Super. 140, 192 A.2d 752, 754–55 (1963) (adopting trial court's opinion at 30 Pa.D. & C.2d 77).

Because this litigation implicates the very circumstances section 622 was designed to cover, we unhesitatingly conclude that the statute controls this case. The real question is its interpretation. On its face, section 622 requires the court to instruct the jury that the falsity of the applicant's statement shall not bar recovery:

> unless such false statement was made with actual intent to deceive, *or* unless it materially affected either the acceptance of the risk or the hazard assumed by the insured. (Emphasis supplied.)

We must assume that the Pennsylvania legislature knew the difference between "or" and "and," and we conclude that the clear and explicit language of the statute must control unless Pennsylvania courts have indicated otherwise.

■ When ascertaining matters of state law, the decisions of the state's highest court constitute the authoritative source. If the Pennsylvania Supreme Court has not yet passed on the question before us, we must consider the pronouncements of the lower state courts. Such decisions should be given proper regard, but not conclusive effect. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657, 662 (3d Cir.), *cert. denied,* 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980); *Adams v. Cuyler,* 592 F.2d 720, 725–26 (3d Cir.1979), *aff'd,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). Our research indicates that the statutory construction issue presented here has not been decided by the state's supreme court.

Some confusion exists in the Pennsylvania cases because of the failure to distinguish between false answers in applications

for life insurance and in those for accident and health policies. The problem may be attributable in part to the similarity between the first clause of section 622, which refers to a "false statement ... made with actual intent to deceive," and the common law test discussed by the state supreme court in *Evans v. Penn Mutual Life Insurance Co.*, 322 Pa. 547, 186 A. 133 (1936). The court in *Evans* stated that when statements of the applicant are representations rather than warranties,[2] "the test of recovery is the good faith of the insured in making them." *Id.* at 551, 186 A. at 137. "[T]he insurer, to avoid the policy, must show [the statements] were false and insured knew that they were false or otherwise acted in bad faith in making them." *Id.* at 560, 186 A. at 141. "An answer known by insured to be false when made is presumptively fraudulent." *Id.* at 553, 186 A. at 138.

In *Woods v. National Life & Accident Insurance Co.*, 347 F.2d at 767, this court read the first clause of the statute and Evans together in a life insurance case. In *Orr v. Union Fidelity Life Insurance Co.*, 202 Pa.Super. 553, 198 A.2d 431 (1964), a hospital and surgical insurance case, the Pennsylvania Superior Court referred to both the statute and *Evans.* Recovery was denied in *Orr* because the insured "knew the application which he signed was false and that when he signed the false application, he intended thereby to deceive the company so it would issue him the policy of insurance." *Id.* at 556, 198 A.2d at 433. In that case, there was a failure to disclose prior injury and disability.

When fraud is alleged, the decision in *Pfautz v. Sterling Insurance Co.*, 184 Pa.Super. 565, 135 A.2d 806 (1957), demonstrates the close correlation between *Evans* and the first part of section 622. In that case, the superior court relied on *Evans* but did not refer to the statute in its opinion; nor did the briefs of counsel refer to it. The insurer had charged bad faith and fraud in the

submission of an incomplete medical history in an application for health and accident insurance. The court, however, found that the omitted material was not serious and that recovery was consistent with the jury's conclusion of lack of bad faith.

Wyman relies on *Pfautz*, contending that it sets forth the law to be applied in suits on accident and health policies. The case, however, is distinguishable and not controlling. The appeal to the Superior Court did not present the issue now presented to us— the interpretation of section 622. Although the *Pfautz* trial court did not mention the statute in its jury charge, this omission was not assigned as an error.

We cannot read *Pfautz* as appellate authority for any interpretation of the statute. From all that appears, the insurance company had decided to defend on the basis of fraud and bad faith. The charge was adequate under this theory and that probably explains why neither party referred to the statute in the appeal to the superior court. Given that situation, the state trial court could not be faulted for failing to instruct the jury on the statute.

We therefore conclude that the precise issue before us has not been adjudicated by any Pennsylvania appellate court. Our task is now to predict how the state's highest court would decide this issue.

We decide in the case at hand that the district judge could not appropriately refuse to charge on a pertinent state statute in the absence of a limiting construction by the state supreme court or a persuasive opinion to the same effect by an intermediate appellate court. Finding neither circumstance present here, we conclude that the jury should have been instructed on the effect of section 622.

■ The statute provides that the insurance company shall not be liable if the insured makes false statements in the application that:

---

**2.** By statute Pennsylvania now provides that statements made by an applicant "in the negotiation for a policy or certificate of life, endowment, accident or health insurance ... shall be deemed, in the absence of fraud, to be representations and not warranties." Pa.Stat.Ann. tit. 40, § 512(a).

1. were made with actual intent to deceive; or
2. materially affected the acceptance of the risk by the insurer; or
3. materially affected the hazard assumed by the insurer.

We cannot accept Wyman's contention that the clauses of section 622 must be read conjunctively so that an insurer must always prove an actual intent to deceive in order to bar recovery.

In *Briggs v. United Services Life Insurance Co.,* 80 S.D. 26, 117 N.W.2d 804 (1962), the Supreme Court of South Dakota was called upon to interpret statutory language identical to that in the case at hand. The court came to the same conclusion as we have, and stated: "Courts construing such statutes have generally interpreted them to mean that a policy may be avoided when the false representation has either been made with intent to deceive, or in the alternative, when it materially affected the acceptance of the risk or the hazard assumed by the insurer." *Id.,* 117 N.W.2d at 808; *see also* 7 G. Couch & R. Anderson, COUCH ON INSURANCE 2D § 35:24 (1961).

Although the three clauses of section 622 are to be read disjunctively, the provision refers generally to the "falsity of any statement." The statute does not define "false", but it seems clear that, in Pennsylvania insurance cases, "falsity" is not the equivalent of merely "inaccurate." For example, in *Evans,* the court stated the test to be that the statements must be untrue and known by the applicant to be so. In addition, statements may be false if the applicant makes them fully aware that he did not know whether they were in fact true. A statement, though false within the definition, does not establish fraud when it refers to trivial matters. 322 Pa. at 563, 186 A. at 142.

When the policy is sought to be avoided on the ground of fraud, the statute requires intent to deceive. However, recovery may be denied on alternate and separate grounds if the false statements materially affected the risk accepted or the hazard assumed by the insurer. In these latter two instances, if the statements are false to the knowledge of the applicant but are not made with intent to deceive, they nevertheless void the policy. The circumstances under which a statement is false, but not necessarily intended to deceive, may not be immediately apparent but are conceivable. *See Lotman v. Security Mutual Life Insurance Co.,* 478 F.2d 868 (3d Cir.1973). That being so, the jury should have been permitted to determine whether the facts here come within section 622.

Because the statute contained the governing principle of law and was not read to or explained in substance to the jury, the verdict cannot stand. Accordingly, we will vacate the judgment and remand for a new trial.