**Louella M. REEDER, Plaintiff,**

v.

**SYBRON TRANSITION CORP. and Sybron Corporation, Defendants.**

**Civ. A. No. 4:CV–90–1615.**

United States District Court, M.D. Pennsylvania.

Aug. 7, 1992.

608

John M. Humphrey, Rieders, Travis, Mussina, Humphrey & Harris, Williamsport, Pa., for plaintiff.

Timothy E. Foley, Foley, Cognetti & Cowley, Scranton, Pa., for defendants.

MEMORANDUM

McCLURE, District Judge.

BACKGROUND

Plaintiff Louella M. Reeder filed this products liability action[1] to recover for injuries which she sustained at her place of employment, Furman Foods, Inc. of Northumberland, Pennsylvania, on September 7, 1988, when she was drawn into a machine used to fill containers of canned goods. The machine which allegedly injured her was a Pfaudler Rotary Piston Filler Machine, Model No. RP–307.

Plaintiff originally named as the defendant Pfaudler Company of West Avenue and Clark Street, Rochester, New York. The summons and complaint were served on September 17, 1990 at that address on a corporation identified as Pfaudler U.S. Inc. ("Pfaudler US"). Pfaudler US is a wholly-owned subsidiary of The Pfaudler Companies, Inc. ("Pfaudler Companies"). Pfaud-

ler Companies,[2] believing that plaintiff had not served the correct corporation, forwarded the summons and complaint to Sybron Corporation with a letter of explanation dated October 4, 1990. The letter was received by Sybron on October 9, 1990.

Plaintiff subsequently learned that Pfaudler Company was not the correct defendant. Pursuant to a stipulated order entered November 22, 1991 and conditioned on the preservation of defenses, plaintiff filed an amended complaint substituting Sybron Transition Corp. and Sybron Corporation (hereafter jointly "Sybron") for the original defendant.

The confusion over the identity of the corporation responsible for product defects in the machine which allegedly injured plaintiff stemmed from the complicated corporate history of the manufacturing corporation and related entities. The machine which allegedly injured plaintiff was manufactured in 1959 by a company then known as Pfaudler Permutit, Inc. ("Pfaudler Permutit"). Pfaudler Permutit was the successor corporation to a company incorporated in New York in 1902 known as The Pfaudler Co. That company ceased to exist in 1957 when it merged with the Permutit Company, with the successor corporation becoming Pfaudler Permutit. From 1957 to 1968, Pfaudler Permutit underwent a series of acquisitions and transformations, with the resulting entity becoming known as Sybron in 1968. That part of Sybron which had originally been the Pfaudler Co. had evolved into the Pfaudler division of Sybron and continued to manufacture filler machines until the early 1980's when other events intervened.

In 1981, the assets and liabilities of the Pfaudler division of Sybron, including the assets related to the filler machine manufacturing business, were sold to Pfaudler Co. Inc, an unrelated entity. In 1982, other assets of the Pfaudler division were sold to Sohio Industrial Products Company, a division of Kennecott Corporation ("Kennecott"). Under the terms of the agreement

1. 28 U.S.C. § 1332.

2. Pursuant to the stipulation of the parties (Record Document No. 26), Pfaudler Company is no longer a party to this action.

of sale, Sybron retained liability for product defects in filler machines manufactured by Pfaudler prior to October 1, 1982, a categorization which includes the filler machine which allegedly injured plaintiff.

Kennecott later resold the assets, splitting up the assets used in the manufacture of glass-lined tanks and those used in the manufacture of filler machines. In April 1987, Kennecott sold the assets of the glass-lined tank business of Pfaudler Co., Inc. to Eagle Industries, which placed the assets in Pfaudler U.S., the entity plaintiff originally sued and served. The assets used in the manufacture of filler machines were sold to Figgie International. Figgie International continues to this day to manufacture and sell filler machines through its subsidiary, Consolidated Packaging Machinery, Co. of Alden, New York.

Defendants move for summary judgment (record document no. 30, filed January 21, 1992), arguing that the amended complaint cannot relate back to the date of original filing under Fed.R.Civ.P. 15(c), and that plaintiff's claim is, therefore, barred by the statute of limitations.

For the reasons discussed below, we hold that plaintiff's amended complaint may relate back to the date of original filing under Rule 15(c) and that her claims are, therefore, not time-barred, making summary judgment in defendants' favor inappropriate.

## DISCUSSION

### Summary judgment standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*" Fed.R.Civ.P. 56(c) (Emphasis supplied).

... [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, an on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. He or she can discharge that burden by "showing ... that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra,* 477 U.S. at 323 and 325, 106 S.Ct. at 2553 and 2554.

■ Issues of fact are genuine "only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph,* 842 F.2d 689, 693–94 (3d Cir.1988), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Material facts are those which will affect the outcome of the trial under governing law. *Anderson, supra,* 477 U.S. at 248, 106 S.Ct. at 2510. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Company,* 862 F.2d 56, 59 (3d Cir.1988).

### Rule 15(c)

Rule 15(c) [3] governs the filing of amended complaints which seek to bring a new

---

**3.** Rule 15(c), as amended, provides:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

defendant into the case or change the name of a party. Rule 15(c) was amended April 30, 1991, with an effective date of December 1, 1991. In the Amending Order, the United States Supreme Court stated that "changes in the Federal Rules of Civil Procedure ... shall take effect on December 1, 1991, and shall govern all proceedings in civil actions thereafter commenced, and *insofar as just and practicable,* all proceedings in civil actions then pending." Order Amending Federal Rules of Civil Procedure, 111 S.Ct. Preface 813 (April 30, 1991) (emphasis added).

Under the previous rule, a party seeking to amend the complaint to change a defendant incorrectly named had to show that the party to be added had received notice of the action within the limitations period. Notice given within the 120–day period allowed for service under the federal rules did not qualify if the statute of limitations had expired. *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986).[4] That requirement changed with the adoption of amended Rule 15(c). Under the rule, as amended, notice given within the limitations period, or within 120 days of the timely filing of the complaint, whichever is later, is timely. The Advisory Committee Notes explain that the rule was revised to change the outcome required by *Schiavone v. Fortune* in cases involving a misnamed defendant, and "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense."

*Defendants' motion*

■ Defendants argue that undisputed facts show that Sybron did not receive notice of plaintiff's claim within the limitations period and that she cannot, therefore, rely on Rule 15(c) to relate her amended complaint back to the date of original filing. Their argument is premised on the assumption that *Schiavone, supra,* and the pre-amendment Rule 15(c) are controlling. We reject that premise and hold that the amended rule applies.

Although this action was filed prior to the effective date of the amendment, i.e. prior to December 1, 1991, its application to this action is "just and practicable". Plaintiff unquestionably made a diligent effort to identify and serve the entity responsible for the manufacture and sale of the machine which allegedly injured her, but her efforts were hampered by the convoluted corporate history of Sybron, Pfaudler and the entities related to them. When she learned that the entity originally served was not the proper defendant, she then moved promptly to substitute the entities which should have been sued. Under the circumstances, it would be unjust to penalize her for her inability to divine sooner that the company which she sued was not the manufacturer or seller. See: *Bayer v. U.S. Department of the Treasury,* 956 F.2d 330, 334–335 (D.C.Cir.1992) and *Jermosen v. Coughlin,* 1992 WL 131786 (S.D.N.Y.).

■ Under the amended rule, plaintiff's filing of the amended complaint clearly dates back to the date of original filing. The controlling statute of limitations is

....
  (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
  (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity

of the proper party, the action would have been brought against the party.

4. The Supreme Court rejected the contention that the limitations period should be extended by the 120–day period allowed under Fed. R.Civ.P. 4 for service of the complaint, stating:

  We are not inclined ... to temper the plain meaning of the language by engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint.

*Schiavone, supra,* 477 U.S. at 30, 106 S.Ct. at 2385.

Pennsylvania's[5] two year-statute for personal injury claims.[6] 42 Pa.Cons.Stat.Ann. § 5524. Plaintiff was injured on September 7, 1988, and the complaint initiating this action was filed September 4, 1990. Sybron first received notice of plaintiff's claim on October 9, 1990, when it received the transmittal letter from Pfaudler Companies,[7] well-within the 120–day period allotted for service by Rule 4(j).

Therefore, the amended complaint relates back to the date of original filing, and plaintiff's claim against Sybron is not time-barred. Defendants' motion for summary judgment will, therefore, be denied.

5. It is clear that Pennsylvania law governs. The accident occurred in Pennsylvania, and plaintiff is a Pennsylvania resident. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Therefore, this court is bound by the decisions of the Supreme Court of Pennsylvania. In the absence of an authoritative pronouncement from the highest court, district courts are obliged to give due regard to the decisions of the forum state's intermediate appellate court as an indicia of how the state's highest court would decide the issue. *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 553 (3rd Cir.1985) and *Connecticut Mutual Life Insurance Co. v. Wyman*, 718 F.2d 63 (3rd Cir. 1983).

6. Plaintiff's only claim is a cause of action based on strict liability. She does not allege a cause of action for negligence or breach of warranty.

7. Defendants filed an affidavit (Record Document No. 35) by Stephen J. Tomassi, Esq., corporate counsel for Sybron, in which Tomassi avers that:

> 3. The first notice that Sybron Transition Corp. or Sybron Corporation had of either the incident described in plaintiff's Amended Complaint or of the institution of the action itself was on October 9, 1990 when the undersigned received a letter dated October 4, 1990 from A.E. Doller, Manager, Area Risks and Insurance Funding Control, BP America.
>
> 4. Neither Sybron Transition Corp. or Sybron Corporation had any notice from any source, either formal or informal, of the incident described in plaintiff's Complaint until October 9, 1990.

Plaintiff has produced no evidence to the contrary.