

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-21-2006

# Wirth v. Aetna US Healthcare

Precedential or Non-Precedential: Precedential

Docket No. 04-2198

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wirth v. Aetna US Healthcare" (2006). *2006 Decisions*. Paper 142.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2198

JONATHAN WIRTH,
Individually and on behalf of all
others similarly situated,
Appellant

v.

AETNA U.S. HEALTHCARE

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-05406)
District Judge:  Honorable Harvey Bartle, III

Argued January 24, 2005
Before:  SCIRICA, Chief Judge, RENDELL
and FISHER, Circuit Judges.

(Filed November 21, 2006)

Ronald J. Smolow     [ARGUED]
Smolow & Landis
204 Two Neshaminy Interplex
Trevose, PA  19053
    *Counsel for Appellant*

Raymond J. Quaglia     [ARGUED]
Ballard, Spahr, Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, PA  19103
    *Counsel for Appellee*

Philip A. Ryan
Christina J. Westall
German, Gallagher & Murtagh
200 South Broad Street, 5th Floor
Philadelphia, PA  19102
    *Counsel for Amicus Appellant*
    *PA Defenders Inst.*

Scott B. Cooper     [ARGUED]
Schmidt, Ronca & Kramer
209 State Street
Harrisburg, PA  17101
    *Counsel for Amicus Appellant*
    *PA Trial Lawyers*

OPINION OF THE COURT

2

RENDELL, Circuit Judge.

On appeal, Jonathan Wirth contends that the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § § 1001 *et seq*., does not preempt his state law claims against Aetna U.S. Healthcare ("Aetna") and, therefore, that the District Court erred in granting removal of his suit from state to federal court. Wirth also contends that, even if removal was proper, the District Court erred in holding that Pennsylvania's Health Maintenance Organization Act ("HMO Act") exempts Aetna from Wirth's claim under Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"). We have jurisdiction to review his challenge under 28 U.S.C. § 1291.

We ruled on these issues in a previous non-precedential Interim Opinion, *Wirth v. Aetna U.S. Healthcare*, 137 Fed. Appx. 455 (3d Cir. June 9, 2005), where we opined that Wirth's claims were completely preempted by ERISA and, therefore, properly removed to federal court. However, we certified to the Pennsylvania Supreme Court the question of whether Aetna is exempt from the anti-subrogation provision of the MVFRL by virtue of the HMO Act. Now that we have received the Court's opinion on this question, we write finally and precedentially to incorporate that Court's holding as well as our own prior reasoning on the jurisdictional issue. In doing so, we will affirm the order of the District Court as to both of these issues.[1]

---

[1] Contemporaneously herewith, we are issuing an order denying appellant's Motion for Voluntary Dismissal and dismissing appellee's Cross-Motion for Affirmance as

## I.  Factual and Procedural Background

Wirth was injured in a motor vehicle accident caused by a third party tortfeasor.  His treatment for those injuries was covered under an HMO healthcare agreement issued by Aetna.[2]  Wirth recovered a settlement from the third party tortfeasor; subsequently, Aetna, who claimed it was acting within its contractual rights, asserted a subrogation lien to recover monies from that settlement.[3]  Wirth paid Aetna $2,066.90 to release its lien and then filed a class action suit in state court alleging, *inter alia*, unjust enrichment and violation of section 1720 of the MVFRL, which provides that in "actions arising out of the maintenance or use of a motor vehicle, there shall be no right of

---

unnecessary in light of the judgment entered herewith.

[2]These benefits were part of an employee benefit plan sponsored by Wirth's father's employer known as a Quality Point of Service Program ("QPOS") and in excess of those already paid by Wirth's household auto insurance policy.

[3]The Certificate of Coverage applicable to Wirth's QPOS program contained a provision stating, in part, that where Aetna provides healthcare benefits for injuries "for which a third party is or may be responsible, then [it] retains the right to repayment of the full cost of all benefits provided . . . that are associated with the injury."  The provision adds that its right of recovery applies to payments made by third party tortfeasors.  Aetna's summary plan description for the QPOS program, however, makes no reference to rights of reimbursement or subrogation.

4

subrogation or reimbursement from a claimant's tort recovery with respect to. . .benefits paid or payable by a program, group contract or other arrangement." 75 Pa. Cons. Stat. § 1720.

Aetna removed the suit to federal court, contending that Wirth's claims were simply to "recover benefits due to him under the terms of his plan," 29 U.S.C. § 1132(a)(1)(B), and therefore fell within the scope of section 502(a)(1)(B) of ERISA. As such, Aetna argued that Wirth's claims evoked the doctrine of "complete preemption," which holds that certain federal laws so thoroughly occupy a field of regulatory interest that any claim brought within the field, however stated in the complaint, constitutes a federal claim and therefore bestows a federal court with jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). The District Court agreed, finding that ERISA was such a thoroughly robust regulatory regime, and denied Wirth's motion to remand.

After concluding it had subject matter jurisdiction over the action, the District Court proceeded to consider the specific allegations of Wirth's complaint. There, Wirth averred that, by laying claim to any portion of his tort recovery, Aetna had violated the anti-subrogation provision found at section 1720 of the MVFRL. Aetna countered, contending that section 1720 was inapplicable to an HMO like itself because the HMO Act provides that HMOs will not be governed by a state law that regulates insurance "unless such law specifically and in exact terms applies to such health maintenance organization." 40 Pa. Cons. Stat.§ 1560(a). Aetna urged that subrogation was permissible because section 1720 does not employ the term "health maintenance organization," and is therefore not

5

specifically applicable to HMOs.  The District Court agreed, finding that "there is nothing in § 1720 which specifically and in exact terms applies to HMOs," and dismissed Wirth's claims.

On appeal, Wirth challenges both the District Court's conclusion that his claims are completely preempted by section 502(a) of ERISA – the basis for the District Court's jurisdiction over the action – as well as the Court's interpretation of sections 1720 of the MVFRL and 1560(a) of the HMO Act.

## II. Subject Matter Jurisdiction Claim: Preemption Under Section 502(a)

Wirth argues that the removal of his lawsuit to federal court, and the reclassification of his state law claim as an ERISA action, was error.  Because the question is one of jurisdiction, we exercise plenary review over Wirth's challenge. *Pryzbowski v. U.S. Healthcare Inc.*, 245 F.3d 266, 268 (3d Cir. 2001).  In our Interim Opinion, we held that the District Court did not err in exercising jurisdiction over Wirth's claim. *Wirth,* 137 Fed. Appx. at 457-59.  We reiterate that decision, and repeat our analysis here.[4]

_____

[4]We also take this opportunity to affirm the portion of the District Court's opinion  rejecting Wirth's contention that application of the savings clause of ERISA section 514(b)(2)(a), which "saves" state laws that regulate insurance from preemption and allows application of such state insurance laws in federal court, might function to defeat jurisdiction. We have little difficulty finding, as the District Court did, that recent

6

Under § 502(a), a participant in an ERISA-covered plan may bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Wirth contends that because his claims are neither for "benefits due" nor to "enforce rights" under the Aetna plan, ERISA does not provide a civil enforcement mechanism for Wirth to challenge or defend against Aetna's liens and, therefore, that the District Court erred in granting removal of the case from state to federal court.

In our Interim Opinion, we found this argument foreclosed by our decision in *Levine*. The force of *Levine*'s reasoning has not diminished. The plaintiffs in *Levine* were injured in an auto accident, received medical benefits from their respective insurers and subsequently recovered damages from the responsible tortfeasors. Following the plaintiffs' monetary recovery, their respective insurers sought reimbursement for the benefits paid pursuant to then-valid subrogation provisions of their relevant healthcare plans. The plaintiffs settled with their insurers by paying over a portion of their tort recovery but then

---

Supreme Court cases make clear that once ERISA preemption is found for jurisdictional purposes, jurisdiction will not be disturbed by any subsequent determination that state insurance law applies. *See UNUM Life Ins. Co. of America v. Ward*, 526 U.S. 358, 365-77 (1999); *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 363-87 (2002). Our recent opinion in *Levine v. United Healthcare Corp.*, 402 F.3d 156 (3d Cir. 2005), reflects this as well.

sued the insurance companies for, *inter alia*, unjust enrichment in New Jersey state court.[5]

On appeal in *Levine*, we considered, *inter alia*, "whether plaintiffs' unjust enrichment claims for monies taken pursuant to subrogation and reimbursement provisions in their ERISA health plans are claims for 'benefits due' within the meaning of ERISA section 502(a)." In determining that they were, we noted that such a holding comported with similar rulings in the Fourth and Fifth Circuits, *see Singh v. Prudential Health Care Plan Inc.*, 335 F.3d 278 (4th Cir. 2003); *Arana v. Ochsner*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc), and would be consistent with the framework we previously laid out for evaluating complete preemption in *Pryzbowski v. U.S. Healthcare Inc.*, 245 F.3d 266, 268 (3d Cir. 2001) (designating two categories of ERISA cases: 1) where the claim challenges the administration of, or eligibility for, benefits, which are preempted, and 2) those challenging the

---

[5]Following the settlements, the New Jersey Supreme Court decided *Perreira v. Rediger*, 778 A.2d 429 (N.J. 2001), in which it held that a New Jersey Department of Insurance regulation allowing insurers to subrogate in the event of a third party tort recovery conflicted with N.J. Stat. Ann. § 2A:15-97, a statute regulating deductions from plaintiffs' awards in personal injury and wrongful death actions. Therefore, the regulation was declared invalid and, as a result, subrogation and reimbursement provisions are no longer permitted in New Jersey health insurance policies. Although there is no New Jersey statutory counterpart to section 1720 of Pennsylvania's MVFRL, *Perreira* effects the same result in that state.

quality of medical treatment, which are not preempted). *Levine*, 402 F.3d at 163. While recognizing that the facts of *Levine* neither overlapped perfectly with those in *Arana* or *Singh*, nor fell squarely within either *Pryzbowski* category, we nonetheless held that where "plaintiffs claim that their ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for 'benefits due' and federal jurisdiction under section 502(a) of ERISA is appropriate. Such a rule comports with our earlier jurisprudence because, although not directly analogous, such claims are more like challenges to the 'administration of benefits' than challenges to the 'quality of benefits received.'" *Id*. (quoting *Pryzbowski*, 235 F.3d at 273).

As we noted in our Interim Opinion, our holding in *Levine* applies squarely to the present facts and precludes Wirth's argument that seeking recovery of the $2,066.90 paid to extinguish Aetna's lien is not tantamount to seeking recovery of "benefits due" to him. Here, as in *Levine*, the actions undertaken by the insurer resulted in diminished benefits provided to the plaintiff insureds. That the bills and coins used to extinguish Aetna's lien are not literally the same as those used to satisfy its obligation to cover Wirth's injuries is of no import – "the benefits are under something of a cloud." *Arana*, 338 F.3d at 438. For these reasons, we reiterate the holding of our Interim Opinion: Wirth's claims against Aetna are completely preempted by ERISA and there was no error in the District Court's conclusion that it had jurisdiction over this matter.

**III. Interpretation of Pennsylvania Law**

9

Wirth argues that, even if the District Court was correct in exercising jurisdiction over this claim, it erred in finding that Pennsylvania's HMO Act exempted Aetna from complying with the anti-subrogation provision found in section 1720 of the MVFRL.[6]   In interpreting state law, as we must here, "the decisions of the state's highest court constitute the authoritative source" of guiding precedent.  *Conn. Mutual Life Ins. Co. v. Wyman*, 718 F.2d 63, 65 (3d Cir. 1983).  However, when the question is a novel one "or where applicable state precedent is ambiguous, absent or incomplete, we must determine or predict how the highest state court would rule."  *Rolick v. Collins Pine Co.*, 925 F.2d 661, 664 (3d Cir. 1991).

In our Interim Opinion, we recognized that the relationship between the Pennsylvania HMO Act and the MVFRL raised "an unsettled issue of statutory construction and application" that would be difficult to predict accurately. *Wirth*, 137 Fed. Appx. at 462.  Therefore, to ensure that we would rule correctly, we petitioned the Pennsylvania Supreme Court to accept certification of the following question:

Is an HMO exempt, by virtue of

---

[6]This issue is not informed by our opinion in *Levine*; in that case, the relevant statutory interpretation issue concerned whether New Jersey's anti-subrogation provision regulates insurance such that it was "saved" under ERISA section 514(b)(2)(a).  The Supreme Court has already resolved this issue with respect to Pennsylvania's statute.  *See FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990).

10

Pennsylvania's HMO Act, 40 Pa. Cons. Stat. § 1560(a), from complying with the anti-subrogation provision found in section 1720 of the MVFRL?

The Pennsylvania Supreme Court granted our petition and, in an August 22, 2006 Opinion, answered the question in the affirmative, reasoning as the District Court did in its ruling.[7]

---

[7]Under 210 Pa. Code § 63.10, the Pennsylvania Supreme Court has discretion to "accept certification of a question of Pennsylvania law only where there are special and important reasons therefor, including, but not limited to, any of the following":

> 1. The question of law is one of first impression and is of such substantial public importance as to require prompt and definitive resolution by this Court;
>
> 2. The question of law is one with respect to which there are conflicting decisions in other courts; or
>
> 3. The question of law concerns an unsettled issue of the constitutionality, construction or application of a statute of this Commonwealth.
>
> 4. This Court shall not accept certification unless

*See Wirth v. Aetna U.S. Healthcare*, 904 A.2d 858 (Pa. 2006).[8] Though we will not rescribe the full text of the Court's decision here, as it is available as a published precedential opinion, we do summarize its essential points so that we may elucidate our reasons for affirming the District Court.

The Pennsylvania Supreme Court considered Wirth's two primary arguments in support of his position that the MVFRL "specifically and in exact terms" refers to HMOs: (1) that the "broad term 'program, group contract or other arrangement' [found in the MVFRL] includes HMOs as well as every conceivable type of healthcare arrangement"; and (2) that "the phrase 'program, group contract or other arrangement' is a specific and exact term that 'applies' to HMO plans." *Wirth*, 904 A.2d at 861 (internal quotations omitted).

The Court rejected both of these contentions, finding the MVFRL's language to be neither sufficiently specific nor exact to demonstrate the General Assembly's intent to bring HMOs within the ambit of the MVFRL. To reach this conclusion, the Court first examined a series of Pennsylvania statutes "that on their face arguably apply to HMOs," *Id*. at 862, and found that

> all facts material to the question of law to be determined are undisputed, and the question of law is one that the petitioning court has not previously decided.

[8]We express our appreciation to the Pennsylvania Supreme Court for granting our petition.

12

when "the General Assembly wishes to make insurance statutes applicable to HMOs, it does so by using the terms 'health maintenance organization' or 'HMO' or by specifically referring to the HMO Act. Furthermore, when it intends to include HMOs within general terms such as 'insurer' or 'managed care plan,' it does so 'specifically and in exact terms.'" *Id*. at 863-64. As was clear to the Pennsylvania Supreme Court, as well as to the District Court, the MVFRL does not include the terms "health maintenance organization" or "HMO" and, therefore, does not "specifically and in exact terms" set out to reach such entities.

Secondly, the Court examined the language of the MVFRL and found that though "the definition of 'program, group contract or other arrangement' in Section 1719 is not exclusive, it contains nothing specific or explicit with respect to HMOs. . ." *Id*. at 864. Therefore, the Court concluded that the MVFRL's failure to *specifically mention* HMOs clearly indicated "that Section 1720 does not apply to HMOs." *Id*. at 865.

Additionally, the Court considered Wirth's contention that "to the extent that the HMO Act and the MVFRL are in conflict, the anti-subrogation provision of the MVFRL should control over the earlier adopted HMO Act." *Id*. Although the Court granted that "last-in-time" is an accepted way of reconciling two conflicting statutes, it nevertheless found that no conflict existed between the HMO Act and the MVFRL because the HMO Act's express language contemplated the application of future statutes to HMOs and, in doing so, clearly dictated that HMOs would be exempt from those laws unless they

13

*specifically* stated otherwise. *Id*. For these reasons, the Court found it clear that "in this instance the Legislature intended that statutes promulgated after [the HMO Act's enactment in] 1972 would not apply to HMOs unless they so provided in specific and exact terms." *Id*. Notwithstanding this requirement for specificity in the future, the General Assembly thereafter did not specifically include HMOs. *Id*. at 863-65.

Finally, the Court addressed Wirth's public policy argument that "prohibiting subrogation furthers the goals of the MVFRL of reducing the cost of automobile insurance and providing complete compensation for individuals injured in motor vehicle accidents." The Court found it unnecessary to investigate the General Assembly's legislative intent because of the clear and unambiguous language of the HMO Act. *Id*. at 865-66.

In holding that "an HMO is exempt from complying with the anti-subrogation provision of the MVFRL," *Id*. at 866, the Pennsylvania Supreme Court clearly and directly answered our certified question. Because the Court's opinion on matters of Pennsylvania state law constitutes precedent that we are bound to follow, *Conn. Mutual Life Ins. Co.*, 718 F.2d at 65, we will affirm the District Court's ruling that Aetna was within its contractual rights to seek subrogation from Appellant.

**IV. Conclusion**

For the reasons set forth, we will affirm the order of the District Court.

14