**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3189
_____

LYDIA MALLON,
on behalf of herself and all others similarly situated,
Appellant

v.

TROVER SOLUTIONS INC., D/B/A HEALTHCARE RECOVERIES, INC.,
INDEPENDENCE BLUE CROSS; QCC INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-11-cv-00326)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2015

Before:   RENDELL, SMITH, and KRAUSE, *Circuit Judges.*

(Filed: May 19, 2015)
_____

OPINION[*]
_____

_____

        [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Lydia Mallon brought a putative class action contesting the Appellees'

subrogation rights under a health insurance plan and seeking declaratory and injunctive

relief pursuant to §§ 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3). Mallon was injured

in a car accident and received tort damages from a third-party driver, after which

Appellees sought reimbursement of the benefits paid under the health insurance plan.

Although Mallon contested the Appellees' subrogation rights under the plan, she

ultimately paid the reimbursement and brought this action. The District Court dismissed

the complaint for failure to exhaust administrative remedies. For the reasons set forth

below, we will affirm.[1]

A plaintiff is required to exhaust administrative remedies prior to bringing an

ERISA action to recover benefits under a plan. *See Harrow v. Prudential Ins. Co. of Am.*,

279 F.3d 244, 252 (3d Cir. 2002). However, exhaustion is not required for claims arising

from substantive statutory provisions of ERISA, such as claims for breach of fiduciary

duties in violation of §§ 404-406. *See id.* at 253; *Zipf v. Am. Tel. & Tel. Co.*, 799 F.2d

889, 891-92 (3d Cir. 1986). Mallon argues that she was not required to exhaust

---

[1] We have jurisdiction under 28 U.S.C § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss. *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007). We review *de novo* the legal standard a district court applies to its exhaustion determination, but review for abuse of discretion a district court's decision whether exhaustion is required. *See Cottillion v. United Ref. Co.*, 781 F.3d 47, 53 (3d Cir. 2015).

administrative remedies because she claims a breach of fiduciary duty, in violation of §§ 404(a)(1)(A) and (D), rather than a denial of benefits due, in violation of § 502(a). We have held that where "plaintiffs claim that their ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for 'benefits due.'" *Levine v. United Healthcare Corp.*, 402 F.3d 156, 163 (3d Cir. 2005); *see also Wirth v. Aetna U.S. Healthcare*, 469 F.3d 305, 308-09 (3d Cir. 2006). Mallon's argument that *Wirth* and *Levine* are inapplicable because they addressed jurisdictional disputes rather than exhaustion is unavailing in light of our clear and direct statement that a subrogation claim is for benefits due. *See Levine*, 402 F.3d at 163.

Nor are we persuaded by Mallon's argument that she alleged a breach of fiduciary duty, rather than a claim for benefits due, because she also disputed the manner in which the Appellees attempted to collect the reimbursement of the benefits paid. Mallon's claims rest on her allegations that the Appellees improperly sought reimbursement of medical benefits paid under the terms of the plan. She "cannot circumvent the exhaustion requirement by artfully pleading benefit claims as breach of fiduciary duty claims." *Harrow*, 279 F.3d at 253-54 (3d Cir. 2002) (holding that exhaustion is required when the facts alleged do not present a breach of fiduciary duty claim independent of a benefits claim).

Mallon next argues that, even if she were required to exhaust administrative remedies, exhaustion was satisfied because Appellees failed to meet the notice requirements for an adverse benefits determination. Under ERISA, plan administrators must "provide adequate notice in writing to any participant or beneficiary whose claim

3

for benefits under the plan has been denied." 29 U.S.C. § 1133(1). The notice should set forth the specific reasons for the denial; the plan provisions on which the determination is based; a description of any additional material or information necessary for the claimant to perfect a claim and a description of why such material or information is necessary; and a description of the plan's review procedures and applicable time limits, including a statement of the claimant's right to bring civil action under § 502(a). 29 C.F.R. § 2560.503-1(g)(i) to (iv). The purpose of this notice requirement is to ensure that participants understand and can challenge a benefits decision, and to provide participants with the information necessary to perfect their claim. *See Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 852 (3d Cir. 2011).

We agree with the District Court that the Appellees substantially complied with the notice requirements. *See Brogan v. Holland*, 105 F.3d 158, 165-66 (4th Cir. 1997). On October 11, 2007, the Appellees forwarded to Mallon's counsel a letter explaining that, under the benefits plan, the Appellees had a right to pursue subrogation as a self-funded plan under ERISA. The Appellees also forwarded to counsel "The Personal Choice Health Benefits Program," setting forth both the Appellees' subrogation rights and the procedures and timeline for filing an administrative complaint and appeal. Accordingly, the District Court did not abuse its discretion when it held that, in light of all the communications between Mallon's counsel and the Appellees, Mallon was sufficiently aware of the reason for the adverse benefit determination and the steps necessary to perfect her claim under the plan.

4

Finally, Mallon argues that exhaustion was satisfied because there were no administrative remedies available to resolve subrogation disputes. Relying on a narrow reading of the administrative procedures outlined in the benefits program, Mallon argues that, because the description of administrative appeals gives as examples "contract exclusions and non-covered benefits, exhausted benefits, and claims payment issues," subrogation issues cannot be addressed by the available administrative procedures. J.A. at 211. However, administrative appeals under the benefits program cover "disputes or objections regarding a Claims Administrator decision that concerns coverage terms." *Id.* Mallon's objection to a decision regarding the terms of her coverage, *i.e.* that the benefits she received are subject to a subrogation lien, could have been addressed by the available administrative remedies. *See Levine*, 402 F.3d at 163 (claims arising from collections of subrogation liens are benefits claims). Moreover, the benefits program outlines a complaint procedure by which plan participants can lodge any complaint with the Claims Administrator. The District Court, therefore, did not abuse its discretion when it held that Mallon was required to exhaust available administrative remedies before filing suit.

Accordingly, we will affirm.